No. 8558.

MONTGOMERY *v*. THE BOARD OF COMMISSIONERS OF HAMILTON COUNTY.

LANDLORD AND TENANT.—*Lease.*—*Holding Over.*—*Election.*—A party who is in possession of premises under a lease to hold them for three years, with the privilege of holding them five years upon the same terms, at his option, and who continues to occupy them after the expiration of three years, thereby elects to hold them for the full term of five years.

Montgomery *v.* The Board of Commissioners of Hamilton County.

SAME.—*Tenancy, Termination of.*—Such holding over does not create a tenancy from year to year, and the lessee can not terminate it at the expiration of the fourth year, so as to avoid the payment of rent for the fifth year. *Thiebaud* v. *The First Nat'l Bank,* 42 Ind. 212, distinguished.

From the Hamilton Circuit Court.

*A. F. Shirts, G. Shirts* and *W. R. Fertig,* for appellant.
*J. Stafford* and —— *Boyd,* for appellee.

BEST, C.—This suit was brought by the appellant to recover from the appellee $250, alleged to be due him for the rent of certain premises described in the complaint. A demurrer, for want of facts, was sustained to the complaint, and this ruling presents the only question in the record.

The facts averred are, briefly, that the appellant's vendor, on the 1st day of July, 1875, leased the premises in the complaint described, to the appellee, for three years from that time, for $500 per year, payable semi-annually in advance, with the privilege of keeping them two years longer upon the same terms, at the option of the appellee; that the appellee took and retained possession of the premises for four years, paying the rent in accordance with the terms of the lease, and at the expiration of the fourth year quit the possession and refused to pay more rent.

This suit was afterward brought to recover the rent alleged to have accrued for the first half of the fifth year. The appellant insists that, under the facts stated, the appellee is liable for the rent for five years. This the appellee disputes, and this is the question presented.

The language of the lease, describing the duration of the term, is as follows: "For the term of three years, * * * with the privilege of five years at the same rate, at the option of the said board of commissioners."

The appellant, after stating that possession was taken in pursuance of the lease, alleges the facts which he insists show that the appellee exercised the option to hold the premises for five years, thus, "and that the defendant did con-

tinue to occupy said premises, and to pay to this plaintiff the rent provided for in said lease, and according to the terms and conditions thereof, until the 31st day of July, 1879, when the defendant notified the plaintiff that they would no longer occupy said premises, and offered to surrender the possession thereof to this plaintiff, which he refused, and has since refused, to accept."

It will be observed that it is not averred that the appellee, at or before the expiration of the term of three years, exercised the option to hold the premises longer, but it is alleged that possession was retained, and rent paid, in accordance with the terms of the lease, for one year thereafter, and it is insisted that these acts amount to an election to hold for the remaining two years. On the other hand, the appellee insists that these acts do not amount to an election to so hold; but, as they are consistent with a tenancy from year to year, they create no other relation. In support of this position the appellee cites the case of *Thiebaud* v. *The First National Bank of Vevay*, 42 Ind. 212. In that case the appellant's ancestor had leased to the appellee certain premises, for the term of five years from the 1st day of May, 1864, and the lease contained this stipulation: "It is agreed between said parties that said bank is to have the privilege of renting said premises for another term of five years, at the same rate of rent as specified for the first term of five years, payable in the same manner as above set forth." For eighteen months after the expiration of the five years, the lessee continued to occupy the premises, and paid three half yearly instalments of rent, according to the terms of the lease. Thereupon the appellant brought the action to recover the premises, upon the ground that the term had expired. This was resisted, and it was insisted that the retention of possession and the payment of rent amounted to an election to hold for five years longer, and was equivalent to a re-renting. The court, however, held

that the retention of possession and the payment of rent were entirely consistent with a tenancy from year to year, and created no other relation.

The facts brought the case within the well known rule of law, that, "If a tenant holds over by consent given, either expressly or constructively, after the determination of a lease for years, it is held to be evidence of a new contract, without any definite period, and is construed to be a tenancy from year to year."

The lease was for five years, and no longer, and, therefore, when the appellee occupied the premises thereafter, it held over, and was a tenant from year to year. It is true, that it was entitled, by the terms of the lease, to re-rent the premises, but this it did not do, and therefore its occupancy simply constituted a tenancy from year to year.

The lease in this case is, however, quite different. The term did not necessarily terminate at the expiration of three years. Its termination depended upon the option of the appellee. If the option was exercised, the term continued for five years. There was to be no renewal, nor was there to be more than one term. That term was for either three or five years; its duration depended upon the appellee; until its termination there could be no tenancy from year to year. If the option was exercised, the term did not terminate at the end of three years. How was the option to be exercised? Simply by retaining possession. Nothing else was contemplated by the parties. Notice was not required, nor expected, and all the appellee had to do to exercise the option, was to keep the premises. This was done, and such act must be regarded as the exercise of the option. The appellee could either go out or remain in at the expiration of three years. If the option to remain under the lease was not exercised, it was the appellee's duty to surrender the possession, and, as this was not done, the inference that the option was exercised would seem to be irresistible.

The case of *Delashman* v. *Berry*, 20 Mich. 292, was an action to recover the possession of premises held by a tenant. The premises were leased "for the term of one year, with the privilege of having the same three years at the same rent, and at the option of the lessee." Under this lease the tenant remained in possession for one year and five days, without giving any notice that he would remain longer, and the action was brought to recover possession on the ground that remaining in possession of them was not an exercise of the option to hold them longer than one year.

The court said: "The circuit court held in effect, that this continuance in possession, after the expiration of the first year, was not an exercise of the option thus to continue for the longer term; and that, to give him the right to continue for the optional term, he was bound to give *actual* notice of such intention at the end of the first year, or at least, before the suit to eject him was commenced. Such a notice had it been given would have been a notice only of the lessee's intention to *continue* the *same* occupation, upon the *same terms* as before. And upon principle it would certainly seem that the *actual continuance* of such occupation was the best and most conclusive evidence of *his intention* to continue. And, as it was at his option to have the term expire at one year or three years, and he had covenanted to deliver up possession at the end of the term; but one inference could legally and properly be drawn from such continuance, after the year, viz.: that he intended to continue *rightfully* according to the terms of his lease, rather than *wrongfully* in defiance of its provisions."

So, in this case, we think the appellee's possession must be regarded as held under the lease, rather than in violation of its terms, and that the averments of the complaint are sufficient to show an exercise of the option to hold for the residue of the term.

For these reasons the court erred in sustaining the demurrer to the complaint, and the judgment should be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be, and it is hereby, in all things reversed, at the costs of the appellee, with instructions to overrule the demurrer and for further proceedings.