Terstegge *v.* The First German Mutual Benevolent Society *et al.*

No. 10,456.

TERSTEGGE *v.* THE FIRST GERMAN MUTUAL BENEVOLENT
SOCIETY ET AL.

LANDLORD AND TENANT.—*Complaint.*—*Corporations.*—*Parties.*—*Rent.*—A
complaint by a lessor to recover rent, upon the agreement to pay in a
written lease executed by the lessor and a corporation, as lessee, shows
no cause of action against the officers of the corporation.

SAME.—*Lease.*—*Extension of Term.*—*Election.*—*Notice.*—Under a lease to
one for a definite time, "with the privilege of five years more" to the
lessee, no notice by the lessee of his intention to continue is required,
but a holding over after the expiration of the first period is an exten-
sion of the demise for the additional period.

SAME.—*Surrender of Possession.*—A surrender of possession by the lessee
accepted by the lessor before the end of the term ends a lease and all
liability for future rents.

From the Floyd Circuit Court.

*A. Dowling,* for appellant.

*D. C. Anthony,* for appellees.

ZOLLARS, J.—Action by appellant against the First Ger-
man Mutual Benevolent Society, a corporation, and Gunkle,
Boek and Harnung, trustees of the society. In 1873, appel-
lant leased to the society a certain hall in New Albany. The
portion of the lease which gave rise to the controversy is as
follows: "The said party of the first part hereby rents and
leases for the period of five years, from January 1st, 1874, with
the privilege of five years more, with the right to a revaluation
as to rent at the end of five years, to said party of the second
part" (the society). The lease provides for a rental of $75 per
annum, payable quarterly.

The averments of the complaint respecting the lease, and
the occupation under it, necessary to be noticed, are substan-
tially as follows: On the 1st day of January, 1874, the so-
ciety entered into possession of the premises under the lease,
and occupied the same until the 1st day of January, 1879.
When the five years expired on the 1st day of January, 1879,
the society did not surrender the premises, but elected to hold

the same for the further term, at the same rent, and ever since has held, and still occupies, the same under and by virtue of the lease. It is averred further that there was due appellant on the 1st day of January, 1881, $75, as rent for the year 1880, which the society refused to pay. A copy of the lease was filed with, and as a part of, the complaint. A demurrer to the complaint by Gunkle, Boek and Harnung was sustained. There was no error in this. The complaint contains no allegation fixing any kind of liability upon these parties.

The society answered in three paragraphs: First, a general denial; second, payment. A demurrer by appellant to the third paragraph was overruled. This ruling is assigned as error. The cause between the appellant and the society was tried by the court, and over a motion for a new trial a judgment for costs was rendered for the society.

The ruling on the motion for a new trial is also assigned as error. The material portion of the third paragraph of answer is substantially as follows: It is admitted that the society executed the lease, occupied the premises, and paid rent under the lease until January 1st, 1879, at which time the lease terminated by virtue of the stipulations therein contained. At the end of the term, on January 1st, 1879, appellant made no demand for the renewal of the lease for the further term of five years from that date, nor was such demand made before or after that date.

The society did not at that date, nor at any other time, demand a renewal of the lease for a further five years, nor did it in any way elect or agree to occupy the premises for such further time, but occupied the same after the 1st day of January, 1879, until the 31st day of December, 1879, as the tenant of appellant from year to year, which last tenancy was terminated on the last mentioned date, according to law. At that time, all rent due under the tenancy was paid to appellant, and the leased premises vacated and surrendered to him.

It is contended on the part of appellant that the lease is one, *in præsenti,* for the term of ten years if the lessee so elect,

and that as no particular notice of such an election is provided for, the holding over by the society after the expiration of the five years was an election, and made the society liable for the rent of the additional five years. The opposite theory is maintained by counsel for appellee; and it is contended that the provision of the lease is a covenant for a renewal, and that in order to extend the lease for an additional five years, the election should have been made by a notice at or before the expiration of the first term of five years, and that the holding over, of itself, did not constitute such an election or notice; that by holding over without other notice by either party, the society became a tenant from year to year, and that this tenancy was terminated by a proper notice given on the 7th day of August, 1879. Appellee relies wholly upon the case of *Thiebaud* v. *First Nat'l Bank of Vevay,* 42 Ind. 212, which is claimed to be conclusive of the material questions involved in this cause. We do not so regard that case. The lease out of which the controversy grew in that case is different from that which gave rise to the case in hearing. Thiebaud rented to the bank certain real estate for the term of five years. In the lease there was the following stipulation:

" It is agreed between said parties that said bank is to have the privilege of renting said premises for another term of five years, at the same rate of rent as specified for the first term of five years, payable in the same manner as above set forth."

DOWNEY, J., in delivering the opinion of the court, thus spoke of the lease:

" The part of the instrument in question is not in itself a lease for the second term of five years, nor is the whole instrument a lease for ten years with the privilege to the tenant to quit at the end of the first term of five years. It is a lease for five years, containing a covenant on the part of the lessor that the lessee may have ' the privilege of renting the premises for another term,' etc."

It was accordingly held that the portion of the lease above

set out contained a covenant to renew; that in such cases notice must be given, and that the simple holding over without notice constituted the lessee a tenant from year to year, and nothing different.

The case at bar is more similar, if not exactly similar, to the case of *Montgomery* v. *Board, etc.*, 76 Ind. 362 (40 Am. R. 250). In that case the lease describing the duration of the term was as follows:

"For the term of three years, * * * with the privilege of five years at the same rate, at the option of the said board of commissioners."

The board of commissioners held over without other notice, and the question was whether so holding over amounted to an election to hold for the five years.

In speaking of the lease, it was said:

"The term did not necessarily terminate at the expiration of three years. Its termination depended upon the option of appellee" (the board of commissioners). "If the option was exercised, the term continued for five years. There was to be no renewal, nor was there to be more than one term. That term was for either three or five years; its duration depended upon the appellee; until its termination there could be no tenancy from year to year. If the option was exercised, the term did not terminate at the end of three years. How was the option to be exercised? Simply by retaining possession," etc.

The lease under consideration in that case, and the one at bar, are so nearly alike that what was said of the one may, with equal propriety, be said of the other.

In the recent work of Wood's Landlord and Tenant, p. 678, it is said:

"When the tenant by the terms of the lease has an option to remain for a longer period, such additional term is not a new demise, but a continuation of the old one. If the lease does not provide that notice shall be given by the tenant of

his election, merely remaining in possession after his term has expired is sufficient, and binds both him and the landlord for the additional term." See, also, same author, p. 69 ; *Delashman* v. *Berry,* 20 Mich. 292.

In Taylor's Landlord and Tenant, 7th ed., p. 278, the author says : " Sometimes, instead of a covenant for a renewal, it is agreed that the tenant may have the privilege or option of a further term. In this case, if notice is stipulated for, it must be given ; but, if not stipulated for, the tenant's mere continuance in possession and paying rent, though with no express notice of his desire for the further term, entitles and binds him thereto." In support of the text, the author cites adjudicated cases.

Upon the above authorities, we must hold that if the society remained in possession of the premises, after the expiration of five years, and paid the rent according to the lease, and nothing was said by either party upon the subject of an additional five years' holding, such holding over was an election to hold for the additional five years, and bound the society for the rent.

The evidence shows that the society did thus remain in possession from January 1st, 1879, when the first five years expired, until the 31st day of December, 1879. On the last of December, 1879, the rent was paid for the year ending with that month. At that time the hall had been vacated by the society. At the same time the key to the hall was returned to appellant by an officer of the society, with the statement that he had been directed to surrender it. Appellant testified that when the key was tendered, he told the officer that he had no use for it, and to take it away, and that the officer left it in his, appellant's, store where they then were. The officer of the society testified that appellant accepted the key and laid it away without saying anything. Under the lease, the rent was payable quarterly, and was so paid while the society occupied the premises. There is no evidence that after the key was surrendered any claim or demand for rent

was made until this action was commenced, more than a year afterward. This circumstance tends to corroborate the testimony of the officer.

It is well settled that if the tenant surrenders the premises and yields up the possession, and the same are accepted by the landlord, the lease and all liability under it for future rent is extinguished. 1 Washb. Real Prop., pp. 546, 549. In a case of this kind, the surrender and acceptance of the key, when surrendered under such circumstances as show an intention to thereby surrender the premises, is a sufficient surrender if accepted by the landlord. 1 Washb. Real Prop., p. 550; McCall Real Prop. 96, and cases cited.

The evidence as to the surrender is conflicting, but this court can not say that it does not sufficiently show a surrender and acceptance of the premises, and thus a termination of the tenancy and an extinguishment of all claims under the lease.

The judgment, therefore, can not be reversed on the evidence. This disposed of the alleged error in the overruling of the motion for a new trial.

It will be noticed that the facts connected with the holding, after the expiration of the five years, are not given in detail in the complaint. The averments are that the society gave no notice of an intention to abandon the premises, but elected to hold for the additional five years, and occupied the same and paid the rent for one year after the expiration of the five years. Is the third answer sufficient to meet this? It is averred in this paragraph of answer that no demand for, or notice of, an election was given by either party; that the society held an additional year as a tenant from year to year. Just how this holding became a tenancy from year to year is not stated. Connected with this is the statement that the society did not in any way elect or agree to hold an additional five years under the lease, but at the end of the year 1879 vacated and surrendered the leased premises to appellant.

The answer and the complaint are faulty in stating conclusions. As to these, the answer is a sufficient answer to the

complaint. The answer negatives all averments in the complaint of an election or agreement to hold for the additional five years, and contains an affirmative statement that the leased premises were surrendered to appellant, which put an end to whatever tenancy existed.

There was no error in overruling the demurrer to the answer. Judgment affirmed, with costs.

HOWK, J., did not participate in the decision of this case.

Filed Oct. 12, 1883. Petition for a rehearing overruled Dec. 14, 1883.