PEEHL and husband, Respondents, vs. BUMBALEK and another, Appellants.

*March 3 — March 22, 1898.*

*Landlord and tenant: Renewal by holding over: Termination by notice.*

1. Under the provisions of sec. 2187, S. & B. Ann. Stats., that if a tenant for a year or more holds over after the expiration of his term he may be considered a tenant from year to year, and that such tenancy may be terminated at the end of any year after the expiration of said term by giving not less than thirty days' prior written notice, such tenancy can be so terminated only at the end of some year after the expiration of the term.

2. A tenant under a lease for two years, with the privilege of three more if all are agreed, will be deemed to have renewed for the whole three years if he holds over after the expiration of his term and continues to pay rent.

APPEAL from a judgment of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Affirmed.*

The facts of the case are stated in the opinion.

For the appellants the cause was submitted on the brief of *Lenicheck, Koenitzer & Lenicheck.* They argued, among other things, that the original lease provided for no annual rental, but only for the payment of certain sums each month, and did not, therefore, create a tenancy from year to year, but merely one from month to month, and a holding over could not create a tenancy of a different kind. *Brown v. Kayser,* 60 Wis. 1; *Jackson v. Bradt,* 2 Caines, 169; *Rich v. Bolton,* 46 Vt. 64; *Skaggs v. Elkus,* 45 Cal. 154; *Blumenberg v. Myers,* 32 id. 93; *Bright v. McOuat,* 40 Ind. 521; *Hollis v. Burns,* 100 Pa. St. 206; *Steffens v. Earls,* 40 N. J. Law, 128; *Jones v. Willis,* 8 Jones, Law (S. C.), 430; *Hammon v. Douglas,* 50 Mo. 434; *Prindle v. Anderson,* 10 Wend. 391; *Coffin v. Lunt,* 2 Pick. 75; *King v. Grafton,* 83 Eng. C. L. 495, 18 Q. B. 496; *Wilkinson v. Hall,* 3 Bing. N. C. 508, 32 Eng. C. L. 237; Fox, Landlord & T. (2d ed.), 3; Taylor, Land-

lord & T. § 57; *Kellogg v. Citizens Ins. Co.* 94 Wis. 554. The,
renewal clause was void for uncertainty. It was silent as to
term. It was also dependent upon an express agreement by
both parties.. Without a writing a renewal would be void.

For the respondents there was a brief by *Sylvester, Scheiber,*
*Riley & Orth,* and oral argument by *C. A. Orth.*          '

CASSODAY, C. J.   July 7, 1891, the plaintiffs leased to the
defendants the premises described for the term of two years
from August 1, 1891; the defendants "yielding and paying.
therefor the annual rent of $360, to be paid in even and.
equal portions on the 1st of every month up to May 1, 1893,
then $35 per month for store up to the end of the lease,.
1893.   The small house in rear is $7 per month from May
1, 1892."   The lease also contained this clause: "This lease
is for two years from August 1, 1891, with privilege of three
more if all are agreed, up to 1896."   The defendants entered,
into possession of the premises, and remained in actual oc-
cupancy thereof until December 1, 1895, and during that
time paid $42 rent monthly in advance.   At the expiration .
of the original term of two years no new agreement or ar-.
rangement of any kind was entered into by or between the,
plaintiffs and defendants, but the defendants continued in.
possession upon the same terms and conditions provided for
in the lease, and the plaintiffs acquiesced therein.   October
29, 1895, the defendants, by an instrument in writing, noti-
fied the plaintiffs of their intention to quit the premises
November 30, 1895, and on the last-mentioned day vacated
the premises, and tendered to the plaintiffs the possession
thereof.   When the rent for December, 1895, became due,.
the plaintiffs brought an action for the same, and recovered,
and the judgment therefor was affirmed by this court.
*Bumbalek v. Peehl,* 95 Wis. 127.   The defendants refused
to pay the rent for January, February, March, April, May,
June, or July, 1896, amounting in the aggregate to $294,,

and so the plaintiffs commenced this action to recover the same.

Issue being joined and trial had, the court found, in effect, the facts stated. And as conclusions of law the court found, in effect, that after the expiration of the original term of the lease the defendants became tenants from year to year, and were liable for the rent thereof from January 1, 1896, to August 1, 1896; that the giving of the thirty-days notice of intention to surrender the premises, and the subsequent vacation of the same, did not terminate the defendants' tenancy of such premises, and that such tenancy did not terminate until August 1, 1896; that there was due and owing to the plaintiffs from the defendants for the seven months' rent mentioned at $42 per month, amounting in the aggregate to $294, with interest on the respective instalments from the dates given at six per cent. per annum,— and ordered judgment to be entered thereon accordingly. From the judgment so entered the defendants bring this appeal.

By the express terms of the lease, which was for two years, the defendants had the privilege of three more if all were agreed, up to 1896. There is nothing in the record to indicate that all were not so agreed. On the contrary, it appears affirmatively that the defendants willingly paid, and the plaintiffs willingly accepted, the rent for each month, as it became due, down to the giving of the notice by the defendants October 29, 1895.

Prior to 1885 the statute provided that "if a tenant for a year or more shall hold over after the expiration of his term, he may, at the election of his landlord, be considered a tenant from year to year, upon the terms of the original lease." R. S. 1878, sec. 2187. Under that statute this court held that, "as at common law, if a tenant for a year or more at a stipulated annual rent holds over after the expiration of his term, with the assent of the landlord, he becomes a tenant from year to year; and such tenancy can be terminated

against his will only by six months' notice ending with the current year;" and that the acceptance of rent at the rate specified in the lease from a tenant so holding over would be deemed an election by the landlord that the tenancy should be from year to year. *Brown v. Kayser*, 60 Wis. 1. After that decision the section was amended by adding this clause: "But such tenancy may be terminated at the *end* of any year after the expiration of said term, by either party to said lease, upon giving to the other party thereto, a notice in writing not less than thirty days prior to the date of such expiration, that he elects to terminate such lease at the end of such year." Laws of 1885, ch. 109 (S. & B. Ann. Stats. sec. 2187). But in the case at bar the defendants did not attempt to terminate such tenancy "at the *end* of any year after the expiration of said term" by giving notice as therein mentioned. The end of the year was August 1, 1895, and the notice was not given until October 29, 1895.

Besides, the lease may fairly be regarded as having been renewed for the whole three years by reason of the option therein given. *Kollock v. Scribner*, 98 Wis. 104.

*By the Court.*— The judgment of the superior court of Milwaukee county is affirmed.