KATE W. SPANGLER v. J. F. ROGERS, Appellant.

**Lease:** OPTION TO RENEW: EXERCISE: LIABILITY OF LESSEE FOR RENT. Mere holding over under a lease which provides that the lessee shall have an option to rent the premises for four years longer will not establish an exercise of the option so as to bind the tenant for rent accruing after a surrender of the premises, even though there is a farther provision that the lessee "will not surrender the premises without the written consent of the lessor."

*Appeal from Pottawattamie District Court.*—HON. A. B. THORNELL, Judge.

FRIDAY, MAY 6, 1904.

ACTION for rent under a written lease. Trial to the court without a jury. Judgment for plaintiff, from which defendant appeals.—*Reversed.*

*Turner & Cullison* for appellant.

*Flickinger Bros.* for appellee.

McCLAIN, J.—The lease was made in October, 1897, for one year, with the option to defendant of renting the premises for four years after the termination of the lease, on the same terms and conditions. After the expiration of the one-year term, defendant continued until February, 1900, to occupy the premises, when, after giving the plaintiff thirty days' notice in writing of his intention to do so, he vacated the premises, and surrendered the same to plaintiff. At the expiration of the one-year term, defendant did not in any way indicate to plaintiff his intention to avail himself of the option to extend the lease for an additional term of four years, unless his holding over and continuing to pay rent at the rate specified in the lease were sufficient, in law,

to indicate to plaintiff the acceptance of the provision for the additional term. The action is brought for rent of the premises under the lease for the balance of the four-year term after defendant had surrendered possession.

In the case of *Andrews v. Marshall Creamery Co.,* 118 Iowa, 595, decided after the trial of this case, we considered the question whether the act of a lessee in holding over constituted a sufficient election to avail himself of the privilege of extension, as distinct from a right of renewal provided for in the lease; and we reached the conclusion that, under the stipulation for extension at the option of the lessee, there must be some affirmative acceptance on the part of the lessee of the privilege, in order to bind him for an additional term. In that case there was a privilege of renewal for four years longer, while in this case there was the option of renting for an additional four years after the determination of the lease. Counsel for appellee argue that a stipulation of the present lease that the lessee "will not relinquish said premises without the written consent" of the lessor is sufficient to take it out of the rule announced in the *Andrews Case.* But that stipulation related primarily to the term originally provided for. If there had been evidence that the lessee continued to occupy the premises after the expiration of the one-year term under the privilege of extending the lease to cover the four-year period, then this stipulation would be binding as one of the terms of the lease thus extended, and during the term of such extension; but, as the lessee is to be presumed to be a tenant holding over after the expiration of his term, and not a tenant holding by virtue of the extended lease, the stipulation referred to ceased to be binding upon him.

The case before us is therefore strictly analogous to the *Andrews Case,* and the judgment of the lower court must be REVERSED.