## REMM v. LANDON.

[No. 6,313.  Filed January 14, 1909.]

1. REFORMATION.—*Leases.—Subsequent Purchaser with Notice.—Equity.*—Equity courts have power to reform written leases, even as against a subsequent purchaser with notice. p. 96.

2. LANDLORD AND TENANT.—*Holding Over.—Leases.—Options.*—Where a lease provided: "This lease shall end and terminate on February 24, 1905, unless, upon the option of said [lessee], it shall be extended to February 24, 1912," the mere holding over was sufficient notice to the lessor, and to his vendee, with notice, of an election to hold until 1912. p. 96.

From Whitley Circuit Court; *Joseph W. Adair,* Judge.

Action by John B. Remm against Edward Landon. From a decree for defendant on his cross-complaint, plaintiff appeals. *Affirmed.*

*Olds & Niezer* and *Andrew A. Adams,* for appellant.

*W. F. McNagny, B. E. Gates* and *D. V. Whiteleather,* for appellee.

COMSTOCK, P. J.—Appellant sued appellee to obtain possession of real estate described in the complaint, after giving three months' notice to appellee to yield possession at the end of the current year of his tenancy. In July, 1905, the appellant purchased the property from Charles Meyer and wife, and while appellee was in possession as tenant.

The complaint is in the ordinary form of action between landlord and tenant. The appellee filed his amended cross-complaint, averring that he is appellant's tenant under a written lease made to him by appellant's grantor, which entitled him to possession of the premises until the year 1912; that said lease contains certain errors and mistakes, which he asks to have corrected, and when such corrections are made he prays for a decree of specific performance of said lease and for an injunction restraining appellant from interfering with his right under said lease. Appellee also filed an answer, averring the same facts as set out in the cross-complaint, but in addition thereto set out various matters of estoppel against appellant. The court overruled a demurrer for want of facts to said amended cross-complaint to said answer and counterclaim, respectively, and, appellant refusing to plead further, a decree was rendered correcting and reforming the lease set up in the amended cross-complaint, directing specific performance of said lease by appellant, enjoining him from interfering with the rights of said appellee under said lease, and for costs.

The averments of defendant's answer are substantially the same as in the cross-complaint, and if the cross-complaint is sufficient to withstand a demurrer, the judgment must be affirmed. It is the claim of appellant that the lease held by Landon described property in another part of Columbia City. The lease between Landon and Meyers provided:

"This lease shall end and terminate on February 24, 1905, unless, upon the option of said Landon, it shall be extended to February 24, 1912."

Appellant contends that as appellee did not give his

lessor any written notice of his election to hold for the additional term of seven years, the same expired by limitation on February 24, 1905, and at the time of the purchase he was a tenant from year to year, having held over after his lease expired. Appellee in his cross-complaint admitted his tenancy, but denied that it was a tenancy from year to year, and alleged that he held the premises under a written lease which had heretofore been executed by appellant's grantor, Meyer.

In part it is averred, in substance, that for many years prior to the execution of said lease said Meyer had occupied the demised premises for a saloon and salesroom, and that said premises had become generally known as "Meyer's saloon;" that said Meyer had built up a large and prosperous business in said premises, located upon the principal street in Columbia City, Indiana; that said Meyer at the date of said lease was the owner of the demised premises, and proposed to sell his stock of goods and merchandise to the defendant for an adequate consideration, and, as an inducement to said sale, proposed to execute to defendant a written lease of said premises running until February 24, 1905, at a monthly rental of $50, which lease should provide that the defendant should have the option to extend it to February 24, 1912; that the defendant purchased from said Meyer his stock of goods and furniture; that, in consideration of said lease, defendant paid $3,000 more for the stock of goods purchased than otherwise he would have done; that in writing said lease, which said Meyer afterward duly executed, there was a mistake in describing the leased premises, which occurred through the mutual error, mistake and inadvertence of the parties to said lease; said erroneous description consisted in locating said premises upon lot seven in block six in the original plat of the town of Columbia, now called Columbia City, instead of upon lot six in the same block, said lot seven lying immediately east and adjoining said lot six; that defendant took actual possession

of the right premises with the full knowledge and consent of his lessor, and expended large sums of money in adapting said premises to his wants and use, making repairs thereon, both temporary and permanent in their character; that one of the principal inducements to appellant to purchase said stock of goods and to enter into said lease was the fact that under the provisions of said lease he could occupy said premises for a long period of time, and use the furniture and fixtures therein in the places for which they had been especially made, and to which they were especially adapted, and that he would by said purchase acquire the good-will of the business before conducted by said Meyer in said premises; that subsequently to the execution of said lease said Meyer and his wife conveyed the leased premises to the plaintiff; that the leased premises consisted of a two-story, brick building, and at the date of the lease there was no building upon said lot seven in block six which corresponded to the building so leased to defendant; that the conveyance to plaintiff was made on July 25, 1905; that prior to his purchase he knew that defendant was occupying said premises in good faith under said lease; that they were located upon said lot six; that defendant fully informed plaintiff that he had a lease for said premises executed by said Charles Meyer, the owner thereof, and that under said lease the defendant was entitled to hold and occupy said premises until February 24, 1912; that he had exercised his option contained in said lease so to hold said premises until said date; that plaintiff, before he took said conveyance, was expressly and directly notified by his grantors that he must take the same subject to the rights of the defendant under said lease, and that when defendant purchased the stock of goods, furniture, fixtures and good-will of the saloon of said Charles Meyer, said Meyer agreed with defendant, as part of the consideration for said purchase, that defendant should remain in possession of said premises until February 24, 1912, if he chose so to do; that

the first three years of the lease expired on February 24, 1905, but defendant had remained in possession of said premises and paid rent therefor in accordance with the terms of said lease until the time of the conveyance to plaintiff; that when plaintiff took said conveyance for said premises he knew that his grantors honestly believed that the description in said lease to defendant covered the building which plaintiff was about to purchase, and that defendant was in good faith occupying said premises under said lease, believing that they were accurately described therein; that, at the expiration of three years from the date of said lease, defendant exercised his option given therein, to continue to occupy said premises until February 24, 1912, and gave his lessors notice that he would continue his occupancy until said date; that he did not know of said mistake in the description until long after the plaintiff had received his conveyance; that, with full knowledge of all said facts, plaintiff ratified and confirmed said lease, and thereunder received from defendant the rental stipulated in said lease from the date of his purchase in July, 1905, until February 24, 1906; that plaintiff took his conveyance for said leased premises expressly subject to the rights of defendant under said lease; that he then knew that defendant had exercised his option to extend said lease until February 24, 1912; that, in consideration of the existence of said lease and of the rights and interests of defendant thereunder, plaintiff purchased the leased premises for $1,000 less than he would otherwise have been compelled to pay therefor, and on account of said reduction in price plaintiff expressly agreed with his grantors to permit defendant to occupy said premises under said lease until February 24, 1912; that when defendant paid his said rentals to plaintiff, the plaintiff knew that defendant was making said payments in good faith, relying upon said lease, and honestly believing that he was making said payments in full compliance with the terms and requirements of said lease; that plaintiff, when he took said rentals from

defendant, did not notify or hint to him that he regarded him as his tenant from year to year, or was receiving said rentals for any such tenancy; that when the first three years of the tenancy under said lease expired, to wit, on February 24, 1905, the then owners of the leased premises expressly waived any written notice from the defendant that he intended to exercise the option reserved to him in said lease to continue his tenancy until February 24, 1912, and received his verbal notice to that effect as being a good and sufficient exercise of said option, etc.    Here follows a statement of facts sufficient to warrant an injunction against plaintiff, restraining him from interfering with defendant's possession of the leased premises.

Equity has power to reform and correct written instruments.    2 Pomeroy, Eq. Jurisp. (3d ed.), §871; 4 Pomeroy, Eq. Jurisp. (3d ed.), §§1376, 1377, and cases cited in 1.   notes;    Monroe v. Skelton (1871), 36 Ind. 302; Jones v. Sweet (1881), 77 Ind. 187.    Reformation may be made as against a subsequent purchaser with notice of mistake.    Weaver v. Shipley (1891), 127 Ind. 526.

Appellant concedes that the holding over by a tenant, either with the express or implied consent of the landlord, creates by implication a new lease for another term of 2.   equal duration and upon the same conditions as the original tenancy, but contends that this rule is limited to cases where the fixed period of the lease is for less than one year; and that where this period of the tenancy is for a year or more such holding over creates a new tenancy from year to year, and not for the same period as the old; that a lease for more than three years cannot be created by parol nor arise by implication of law.    In this connection §7462 Burns 1908, §4904 R. S. 1881 (a lease for more than three years must be in writing), §8054 Burns 1908, §5208 R. S. 1881 (general tenancies are from year to year), Kleespies v. McKenzie (1895), 12 Ind. App. 404, Falley v. Giles (1867), 29 Ind. 114, Spangler v. Rogers (1904), 123 Iowa

724, 99 N. W. 580, *Andrews* v. *Marshall Creamery Co.* (1902), 118 Iowa 595, 92 N. W. 706, 60 L. R. A. 399, 96 Am. St. 411, and *Thiebaud* v. *First Nat. Bank* (1873), 42 Ind. 212, are cited. The first one of the cases just cited supports as to the facts there involved, appellant's position. But in the lease the lessee was not granted the option to hold longer than ten years, the time for which the property had been leased.

In *Falley* v. *Giles, supra,* it was held that, where a lease for two years provided that the lessee might hold the premises for the additional term of one, two or three years at his election upon the same terms it was held: That there could be but one election which could be for the further term of one, two or three years, but that, if the election was for one of the shorter periods, the election could not be so exercised as for another period; that the mere continuance in possession after sufficient notice of election and renewal for one year was not sufficient notice for a longer term.

In *Spangler* v. *Rogers, supra,* and *Andrews* v. *Marshall Creamery Co., supra,* it was held that merely holding over after the expiration of a term, under a lease which provided for a renewal upon the same terms, is not sufficient to show an affirmative election to renew the lease for an additional term and that notice must be given.

*Andrews* v. *Marshall Creamery Co., supra,* distinguishes between the privilege for extension and the privilege of renewal, and the opinion contains the following statement: "There seems to be no doubt under the authorities that, where a lease provides that the tenant may have, at his option, an extension for a specified time after the expiration of the term agreed upon in the lease, or may occupy for an extended term including the term specified, the mere holding over after the expiration of the specified term will constitute an election to hold for the additional or extended term."

Vol. 43—7

The decision of the trial court is sustained in *Terslegge* v. *First German, etc., Soc.* (1883), 92 Ind. 82, in which case the portion of the lease which gave rise to the controversy reads as follows: ''Said party of the first part hereby rents and leases for the period of five years, from January 1, 1874, with the privilege of five years more, with the right to a revaluation as to rent at the end of five years, to said party of the second part.'' The society entered into possession of the premises on January 1, 1874, and occupied the same until January 1, 1879. When the five years expired, on January 1, 1879, the lessee did not surrender the premises, but elected to hold the same for the further term at the same rent, and still holds and occupies the same under and by virtue of the lease. It was accordingly held that no notice by the lessee of his intention to continue was required, but a holding over after the expiration of the first period is an extension of the demise for the additional term. In the course of the opinion it is said: ''Appellee relies wholly upon the case of *Thiebaud* v. *First Nat. Bank* [1873], 42 Ind. 212. * * * Thiebaud rented to the bank certain real estate for the term of five years. In the lease there was the following stipulation: 'It is agreed between said parties that said bank is to have the privilege of renting said premises for another term of five years, at the same rate of rent as specified for the first term of five years, payable in the same manner as before set forth.' Downey, J., in delivering the opinion of the court, thus spoke of the lease. 'The part of the instrument in question is not in itself a lease for the second term of five years, nor is the whole instrument a lease for ten years with the privilege to the tenant to quit at the end of the first term of five years. It is a lease for five years, containing a covenant on the part of the lessor that the lessee may have ''the privilege of renting the premises for another term.'' ' It was accordingly held that the portion of the lease before set out contained a covenant to renew; that in such cases notice must be given, and that

the simple holding over without notice constituted the lessee
a tenant from year to year, and nothing different. The case
at bar is more similar, if not exactly similar, to the case of
*Montgomery* v. *Board, etc.* [1881], 76 Ind. 362, 40 Am. Rep.
250. In that case the lease describing the duration of the
term was as follows: 'For the term of three years,   *   *   *
with the privilege of five years at the same rate, at the option
of said board of commissioners.' The board of commission-
ers held over without other notice, and the question was
whether so holding over amounted to an election to hold for
the five years. In speaking of the lease, it was said: 'The
term did not necessarily terminate at the expiration of three
years. Its termination depended upon the option of appel-
lee [the board of commissioners]. If the option was exer-
cised, the term continued for five years. There was to be no
renewal, nor was there to be more than one term. That
term was for either three or five years; its duration de-
pended upon the appellee; until its termination there could
be no tenancy from year to year. If the option was exer-
cised, the term did not terminate at the end of three years.
How was the option to be exercised? Simply by retaining
possession.' '' ˙ In Wood, Landlord and Tenant, p. 678, it is
said: ''When the tenant by the terms of the lease has an
option to remain for a longer period, such additional term
is not a new demise, but a continuation of the old one. If
the lease does not provide that notice shall be given by the
tenant of his election, merely remaining in possession after
his term has expired is sufficient, and binds both him and
the landlord for the additional term.''

In Taylor, Landlord and Tenant (7th ed.), p. 278, the
author says: ''Sometimes, instead of a covenant for a re-
newal, it is agreed that the tenant may have the privilege
or option for a further term. In this case, if notice is stipu-
lated for, it must be given; but, if not stipulated for, the
tenant's mere continuance in possession and paying rent,
though with no express notice of his desire for the further

term, entitles and binds him thereto." *Kramer* v. *Cook* (1856), 73 Mass. 550; *Peehl* v. *Bumbalek* (1898), 99 Wis. 62, 74 N. W. 545; *Harding* v. *Seeley* (1892), 148 Pa. St. 20, 23 Atl. 1118; *Mershon* v. *Williams* (1899), 62 N. J. L. 779, 42 Atl. 778; *Clarke* v. *Merrill* (1871), 51 N. H. 415; *Delashman* v. *Berry* (1870), 20 Mich. 292, 4 Am. Rep. 392.

Upon the foregoing cases from various jurisdictions and from approved text-writers, and especially upon the authority of *Terstegge* v. *First German, etc., Soc., supra,* we hold that the facts set out in the cross-complaint fully justified the action of the trial court. Appellant bought with full knowledge of the appellee's rights and subject to them. He is not a good-faith purchaser. *Smith* v. *Schweigerer* (1891), 129 Ind. 363.

Judgment affirmed.