# REMM *v.* LANDON.

[No. 6,541. Filed October 26, 1909.]

1. LANDLORD AND TENANT.—*Relation.—Leases.*—Where the special findings show that the defendant holds possession solely by virtue of a certain lease, the relation of landlord and tenant, if it exists, must exist by reason of such lease. p. 432.

2. LANDLORD AND TENANT.— *Rentals.— Nonpayment.— Leases.—Estoppel.—Ejectment.*—A landlord who refuses to accept the rent due under an alleged lease, by virtue of which alone such tenant holds possession, is estopped from maintaining an action to eject the tenant because of nonpayment of rent. p. 433.

3. LANDLORD AND TENANT.—*Rentals.—Payment.—Application of.*— A tenant has the right to direct the application of his payments of rent. p. 433.

4. TENDER.—*Conditions.—Legality.*—The tender of a certain sum for a certain purpose does not vitiate the tender, the person to whom the tender is made having the privilege of election to take or to refuse. p. 433.

5. LANDLORD AND TENANT.— *Contracts.— Nonpayment of Rent.— Forcible Detainer.—Damages.*—Where no contract to pay rent existed on the part of a tenant, he cannot be liable for nonpayment of rent; and if he unlawfully holds possession, an action in damages for forcible detainer lies. p. 434.

From Kosciusko Circuit Court; *Lemuel W. Royse,* Judge.

Action by John B. Remm against Edward Landon. From the judgment rendered, plaintiff appeals. *Affirmed.*

*Walter Olds* and *Andrew A. Adams,* for appellant.

*William F. McNagny, Benton E. Gates* and *David V. Whiteleather,* for appellee.

HADLEY, C. J.—This action was commenced by appellant against appellee to obtain possession of certain real estate, for nonpayment of rent, after ten days' notice. The special findings show that appellant is the owner of a certain building in Columbia City; that he became the owner by purchase from Charles Meyer and wife on July 25, 1905; that, when appellant purchased the property from said Meyer, appellee was a tenant in possession of said property,

claiming to hold under a lease from said Meyer, said lease stipulating that it should expire on February 24, 1905, unless at the option of said appellee it should be extended to February 24, 1912; that, at the time of said purchase by appellant, appellee was asserting that he had exercised his option to hold until February 24, 1912, by holding over and by notifying Meyer of such intention, although he had not exercised such option in writing; that appellant at the time of said purchase had full knowledge of all of these facts; that afterwards, in February, 1906, appellant instituted a proceeding against appellee for the possession of the property, under the claim that the lease had terminated on February 24, 1906; that the court below sustained the claim of right of possession of appellee under the lease, and adjudged that the lease be reformed, and be specifically performed as reformed until February, 1912; that appellant took a term-time appeal from said judgment to this court, which appeal was pending at the time of the institution of this proceeding (this judgment was thereafter affirmed. *Remm* v. *Landon* [1909], 43 Ind. App. 91); that from the time of the rendering of said judgment said lease, as so reformed and specifically enforced, was the only contract, agreement or understanding between the appellant and appellee creating and fixing the relation of landlord and tenant between said parties, and thereafter said appellee held and still holds the premises described in the complaint under and by virtue of the terms of said lease, as so reformed and specifically enforced, and not otherwise; that all the rents due and payable were paid up to September 24, 1906; that on October 25, 1906, appellee tendered to the agent of appellant the sum of $50, the amount of rent then due under the lease, as reformed and specifically enforced, saying that it was tendered in payment of rent for said premises for said month under said lease; that this tender was refused by said agent, who at the same time said that he would not receive and accept said sum as rent for said premises in any way or man-

ner that would recognize the validity and binding force of said lease, but that he would receive said sum as rent for said premises for said month and give him a receipt therefor, but not under the terms of said lease; that appellee preserved and kept said tender good until final judgment; that on October 27, 1906, appellant served a ten days' notice on appellee to quit the premises for nonpayment of rent, under §8057 Burns 1908, §5211 R. S. 1881, and at the expiration of said term appellee had not delivered up said premises as requested; that the only payment or tender of payment of said rent by appellee was as hereinbefore set out; that at the bringing of this action appellee held and still holds possession of said premises under said lease as so reformed and enforced. Upon this finding the court concluded, as a matter of law, that the $50 tendered belonged to appellant and should be paid to him, and that appellant was not entitled to recover possession of said premises.

The overruling of appellant's exceptions to the conclusions of law are assigned as error. It is the contention of appellant that since the payment of the rent was tendered under the lease it thereby became burdened with a condition that would be prejudicial to him to accept, and therefore it was no tender at all; that by the acceptance of money under the lease he would acknowledge the validity of the lease, and thereby forfeit his right to appeal from the judgment establishing the validity of the same, under the rule that where one has accepted benefits under a judgment he cannot thereafter prosecute an appeal therefrom.

It must be held, under the findings in this case, that if the relation of landlord and tenant existed at all between the parties it existed under the lease, it being specifically found that no other contract or understanding establishing such relation existed between them. So appellee either owed appellant rent under the lease or he did not owe him any rent at all. Appellant is in rather an anoma-

lous position. He asserts that he could not and would not accept rent under the only lease, agreement or understanding of rental between them, and yet sues appellee for possession for the nonpayment of rent. He thus makes out a hard case for appellee. He cannot pay his rent to appellant, as the only contract he has requires him to do, and yet he is confronted with a suit in ouster if he does not pay it. Appellant says that the tender was accompanied by a condition that was prejudicial to his rights. We do not so regard it. Certainly appellee had the right to designate the account upon which the money was tendered. When he offered to pay the rent under his contract he thus designated that the application of the money should be to the liquidation of the only contractual debt that existed between them. He was not offering or intending to apply it on any unliquidated damages that appellant might claim for the detention of the property.

If A owes B a note and an open account, and he goes to B and proffers to him the full amount in legal tender of the note, and says, "I want to pay this on the note," certainly no one would contend that the tender was invalid, for the reason that directions for its application accompanied it, and certainly B could not refuse to accept it, on the ground that he would only receive it generally to apply on any contract or obligation that might exist between them. True, if he accepts the tender he loses his right of action on the note against A; but if he wrongfully refuses, he should not be put in a better position than if he rightfully accepted.

It may be true, although this we do not decide, that if appellant had accepted the tender he would thereby have lost his right to prosecute his appeal, but this should not vitiate the tender. His case is similar to that of A who has obtained a judgment for a less amount than he thinks is due, and from which he desires to appeal. The judgment debtor pays the amount of the judgment into

court; and A has the choice of alternatives; he may accept the money thus tendered him, and lose his right of appeal, or he may refuse it, and prosecute his appeal; but the fact that the tender presents the alternatives certainly would not vitiate the tender, and A's refusal would surely not give him the right to an advantage aside from his appeal. He cannot "both eat his cake and keep it."

Furthermore, appellant cannot have a right of action under the notice to quit for nonpayment of rent unless there was some agreement, express or implied, to pay rent.

5. It is conceded that the only agreement of this kind, if any existed, was the one under which appellee claimed. By the suit for possession, appellant denied appellee's rights under this lease. In fact, he denied that appellee was his tenant. If appellant's first action was sustained and the lease declared terminated on February 24, 1906, the relation of landlord and tenant would have ceased to exist at that time, and appellee's position thereafter would have been that of a forcible detainer. He would not have been liable for rent, but would have been liable for such damages for the forcible detention of the premises as might be shown to have been suffered by appellant on account of such detention. Therefore appellant's contention that rent was due and unpaid is inconsistent with his contention that there was no lease, contract or understanding of tenancy, and that the relation of landlord and tenant did not exist. If the relation of landlord and tenant existed, it existed under the lease, and the tender was a valid tender. If it did not exist, no rent was due, and no action could therefore be maintained for nonpayment of rent that was neither owing nor due.

Judgment affirmed.