W. I. BRANAGAN, Appellee, v. WINDERS & ALM, Appellants.

LANDLORD AND TENANT: Terms for Years—Option to Renew. A
lease "for the term of five years, with the privilege of renting
five additional years," grants an option to renew the lease for
said period; but the fact that the tenant, after the expiration of
the first five years, *remains in possession and pays rent* does not, in
and of itself, constitute an exercise of said option. In other words,
the tenant, under such conditions, becomes a tenant at will.

*Appeal from Palo Alto District Court.*—JAMES DE LAND, Judge.

APRIL 4, 1922.

REHEARING DENIED SEPTEMBER 30; 1922.

ACTION in forcible entry and detainer. Cause tried to the
court upon an agreed statement of facts. Judgment entered
giving plaintiff the possession of the real estate in controversy.
Defendants appeal.—*Affirmed.*

*Thomas O'Connor,* for appellants.

*Daniel Kelly,* for appellee.

DE GRAFF, J.—This is an action in forcible entry and de-
tainer and the petition is predicated on the second paragraph
of Code Section 4208 which reads: "A summary remedy for
forcible entry or detention of real property is allowable: * * *
2. Where a lessee holds over after the termination or contrary
to the terms of his lease."

Plaintiff is the owner and lessor of certain premises in
Emmetsburg, Iowa and on February 7, 1913 leased said prem-
ises in writing to defendants' assignor "for the term of five
years (with privilege of renting five additional years) com-
mencing March 15, 1913," at $500 per year, payable in monthly
installments of $41.65. Upon the expiration of the term, the

defendants remained in possession of the premises and continued to pay to plaintiff the monthly rent of $41.65 to December 15, 1919, which rent was accepted by the plaintiff. Thereafter plaintiff refused to further accept rent and insisted on a new lease with an increase of rent, if defendants desired further possession of the premises. Plaintiff contends that the defendants were tenants at will holding over after the expiration of the term of the lease, while it is the contention of the defendants that they were exercising the privilege granted to them under the lease of renting the premises for five additional years.

Plaintiff served the statutory thirty days notice to quit and upon defendants' refusal to surrender possession, the three days additional notice was given. Whereupon this action was instituted to acquire possession of the premises in controversy.

Were the defendants at the time of the service of notice tenants at will? Does the lease give to defendants a mere option to occupy the premises for an extended term or does the lease contain an agreement for an option to renew for a stated term? If the language of the lease is construed as an option for a renewal, then mere continuance in possession after the expiration of the term of the original lease is not in itself sufficient evidence of an election to renew. *Marckres Bros. v. Perry Gas Works,* 189 Iowa 1204.

If the lease gave defendants a mere option to occupy the premises for an extended term then the holding over after the expiration thereof will constitute an election to hold for the additional term. *Fritch & Himes v. Reynolds,* 189 Iowa 16.

In *Spangler v. Rogers,* 123 Iowa 724 the lease was executed in October 1897 and created in the defendant-lessee a term of one year with the option to the lessee ''of renting the premises for four years after the termination of the lease on the same terms and conditions.'' Upon the expiration of the one year term the lessee continued until February 1900 to occupy the premises, when, after giving the plaintiff-landlord thirty days notice in writing of his intention to quit, he vacated and surrendered the premises to the landlord. The lessee did not in any way or by any affirmative act at the expiration of the one year term indicate to the landlord his intention to avail himself of the option to extend the lease for an additional term of four

years.  The action was instituted to recover the agreed rental of the premises for the balance of the four year term after the defendant-lessee had surrendered possession.  The court considered the question whether the act of a lessee in holding over constituted a sufficient election to avail himself of the privilege of extension, as distinguished from a right of renewal provided for in the lease.  The decision in the *Spangler* case was controlled by *Andrews v. Marshall Creamery Co.*, 118 Iowa 595, and it was so held.

In the *Andrews* case it is said: "An agreement for an option of renewal would seem to imply that the parties contemplated some affirmative act by way of the creation of an additional term. * * * after a full consideration of the question and the authorities bearing upon it, * * * the act of holding over is not sufficient to show an affirmative election to renew the lease for an additional term under a stipulation giving the privilege of such renewal. * * * The covenant of renewal itself implies the creation of a new term."

The foregoing cases control the instant case.  The authorities are not in harmony, but it will serve no useful purpose to review the conflict or attempt to differentiate the varying decisions of courts of last resort.  See 16 Ruling Case Law 889, Section 392 *et seq.*

In the instant case no notice, either oral or written, was ever given by the defendants to the plaintiff-lessor of their intention to exercise the privilege of renting the premises for five additional years.  No affirmative act on their part indicated their intention to renew the lease either before or after its expiration.  Defendants rely entirely on the fact that they continued to occupy the premises after the expiration of their lease, and consequently the term was extended and they were not tenants at will.  Had the defendants herein vacated and surrendered the leased premises after the expiration of the defined term in the lease, and had the plaintiff-lessor sought to recover for the unexpired five year additional term, we would have a case analogous in every particular to *Spangler v. Rogers,* supra.

We, therefore, hold that the language of the lease was an option for a renewal, and in the absence of evidence to establish a renewal, the lessee holding over was a tenant at will.  The

judgment entered on the facts is in harmony with the declared rule of this court, and is—*Affirmed.*

STEVENS, C. J., WEAVER and PRESTON, JJ., concur.