## C. Callahan Company et al. *v.* Michael et al.

[No. 6,650. Filed January 27, 1910.]

1. Landlord and Tenant.—*Leases.—Holding over.—"Refusal of Premises."*—A lease giving to the lessee "the first refusal of the premises for another five years" gives him an option for renting the premises for five years longer at the same terms. p. 218.

2. Landlord and Tenant.—*Extensions.—Options.—Holding over.— Notice.*—A tenant having an option on an extension of his lease for a definite time and who merely holds over, thereby becomes bound for the additional term, notice of the tenant's intention to hold not being required unless stipulated for in the lease. p. 219.

3. Landlord and Tenant.—*Leases.—Right to a Renewal.—Holding over.*—Where a lease, by clear and explicit language, gives to the lessee a right to a renewal at the expiration of the lease, the mere holding over of such lessee is not sufficient to show an election to renew. p. 219.

4. LANDLORD AND TENANT.—*Leases.*—*Extensions.*—*Holding over.*—
A lease giving to the lessee "the first refusal of said premises for
another term of five years, upon the same terms and conditions
as expressed in this lease, except as to the amount of rent to be
paid, which said lessor is to fix," gives to the lessee a right to
hold over without notice, and thus secure the extended term of
five years, and the lessor's acceptance of the same rent for the
first quarter of the first year after the expiration of the first
term fixes the rent for the subsequent term. p. 220.

From Montgomery Circuit Court; *Jere West*, Judge.

Action by Cora Michael and others against the C. Callahan
Company and others. From a judgment for plaintiff, de-
fendants appeal. *Reversed.*

*Edwin P. Hammond, William V. Stuart, Daniel W. Simms*
and *Crane & McCabe*, for appellants.

*R. P. Davidson* and *Allen Boulds*, for appellees.

COMSTOCK, J.—Appellees commenced this action in the
Superior Court of Tippecanoe County, against the appellants,
to recover possession of certain real estate and damages for
its detention. The complaint was amended by adding
Thomas C. Day as a party defendant, who afterwards filed
a disclaimer. A change of venue was taken to the court be-
low, where, upon issues joined, the cause was tried by the
court, a special finding of facts made, and conclusions of
law stated thereon in favor of appellees. Over appellants'
motion for judgment in their favor on the special findings,
judgment was rendered that the appellees should recover
from appellants the possession of the premises in question,
particularly described, and of appellant C. Callahan Com-
pany the sum of $1,035 and costs, and that defendant Day
had no interest in the matters in controversy.

The errors assigned and relied upon question the correct-
ness of each of the conclusions of law.

The facts specially found by the court show that Thomas
C. Day, by an instrument in writing, signed by both parties
and duly recorded, leased the real estate in controversy to

appellant C. Callahan Company for the term of five years, commencing May 1, 1899, and ending May 1, 1904, at a rental of $900 per year, payable in installments of $225 at the end of each quarter; that under said lease appellant company entered into possession of the premises and continued in possession during the five years, paying rent as stipulated in the lease, and at the expiration of said five years continued in possession thereof, paying rent until May 1, 1905, in accordance with the terms of said lease, no new agreement being made between the parties in reference to the occupancy of said premises. On April 13, 1905, being a few days before the expiration of the first year of the occupancy after the expiration of the five years, Day, by written contract, leased the premises to appellees for the term of seven and one-half years, commencing May 1, 1905; that appellant C. Callahan Company learned of said second lease soon after its execution, and then, for the first time, claimed that it had a right to occupy said premises under said first lease; that said appellant refused to recognize appellees' lease, has continued to occupy said premises up to the present time, and has never made any contract or lease with anyone concerning said premises or the right of possession, other than the lease which was entered into with said Day. About May 1, 1905, appellee verbally demanded of appellant C. Callahan Company the possession of the premises, which was refused. Three months prior to May 1, 1906, appellees and Day gave appellant C. Callahan Company a written notice to surrender the possession of the premises on May 1, 1906. It is also found that at the expiration of five years from May 1, 1899, said appellant continued to occupy the premises described in said lease, without giving to said Day any notice of any kind that it would continue said lease for another term of five years, or that it expected to occupy said premises for a longer term than the first five years named in said lease; that on August 1, 1904, when said appellant paid to said Day the sum of

$225 as rent for said premises from May 1, 1904, to August 1, 1904, nothing whatever was said by said appellant or by said Day concerning its remaining in possession of said real estate, or the extension or continuance of said lease; that at different times after the execution of the second lease the appellees refused to accept payment of rent from appellant company.

A copy of said first lease is set out in the special findings, and contains the following provision:

"It is further agreed that at the termination of this lease the parties of the second part are to have the first refusal of said premises for another term of five years, upon the same terms and conditions as expressed in this lease, except as to the amount of rent to be paid, which said lessor is to fix."

It is the contention of appellant C. Callahan Company that, "under the above stipulation, when said appellant held over after the first five years, and thereafter paid the same rent provided for in the lease, it made an election to hold for an additional five years, and that said Day, by accepting said rent, thereby fixed the amount thereof for said additional five years, and that the contract thereby became established, whereby said appellant became a tenant for an additional five years from May 1, 1904, and that neither party could change this contract without the concurrence of the other, and that it could only be changed by a new contract upon a valid consideration, or by an actual surrender of the premises by the C. Callahan Company to Day or to the appellees, and by their acceptance thereof."

The provision that "the parties of the second part are to have the first refusal of said premises for another five years," meant that they should have an option for renting the premises for five years longer at the same terms.

1. Tracy v. Albany Exchange Co. (1852), 7 N. Y. 472, 57 Am. Dec. 538.

Where a lease provides that the tenant may have at his

option an extension for a specific time after the expiration of the term agreed upon in the lease, the mere holding

2. over after the expiration of the specific term will constitute an election to hold for the additional or extended term, and the tenant after holding over beyond the first term, without any new arrangement, is bound for the additional or extended term, as fully and completely as though that term had been originally included in the lease when executed. *Andrews* v. *Marshall Creamery Co.* (1902), 118 Iowa 595, 92 N. W. 706, 96 Am. St. 411, 60 L. R. A. 399; *Remm* v. *Landon* (1909), 43 Ind. App. 91, and cases cited. In such case, if the lease does not provide that notice shall be given by the tenant of his election, his merely remaining in possession after his term has expired is sufficient, and binds both him and the landlord for the additional term. Wood, Landlord and Tenant, p. 678.

In Taylor, Landlord and Tenant (7th ed.), p. 278, the author says: "Sometimes, instead of a covenant for a renewal, it is agreed that the tenant may have the privilege or option of a further term. In this case, if notice is stipulated for, it must be given; but, if not stipulated for, the tenant's mere continuance in possession and paying rent, though with no express notice of his desire for the further term, entitles and binds him thereto." *Kramer* v. *Cook* (1856), 73 Mass. 550; *Peehl* v. *Bumbalek* (1898), 99 Wis. 62, 74 N. W. 545; *Harding* v. *Seeley* (1892), 148 Pa. St. 20, 23 Atl. 1118; *Mershon* v. *Williams* (1899), 62 N. J. L. 779, 42 Atl. 778; *Clarke* v. *Merrill* (1871), 51 N. H. 415; *Delashman* v. *Berry* (1870), 20 Mich. 292, 4 Am. Rep. 392.

There are cases recognizing the distinction between the privilege of an extension and a right to a renewal. The extended or additional term is one provided for in the

3. lease itself, and the mere enjoyment of the privilege by continuing in possession is enough to bring the extended occupancy within the original contract; but an option of a renewal would seem to imply that the parties con-

templated some affirmative act by way of the creation of an additional term. It has been held in some jurisdictions that the mere holding over is sufficient evidence of an election to renew, even where that is the privilege given in the lease. *Andrews* v. *Marshall Creamery Co., supra.* But in this State, it has been held that the mere holding over is not sufficient to show an affirmative election to renew the lease for an additional term. *Thiebaud* v. *First Nat. Bank* (1873), 42 Ind. 212. The distinction between the privilege of extension and the privilege of renewal must appear from the language employed.

"In the absence of an express provision that a new lease is intended to be executed, the presumption is that no new lease is intended, but that the lessee is to continue to hold under the original lease. The lease must clearly and positively show that the making of a new lease was intended." 2 Underhill, Landlord and Tenant, p. 1362.

Appellant C. Callahan Company was given the privilege of a further five years upon the same terms as those stipulated in the lease, except as to the amount of rent to be paid, which amount was to be fixed by the lessor. The five years expired, and said appellant remained in possession and paid rent for the first quarter according to the terms of the lease, which rent was accepted by the lessor, Day, and no new or other agreement was made. These facts, under the decisions in this State, show the extension of the lease for another term of five years, and the lessor by accepting said rent fixed the amount to be paid under the extension.

Judgment reversed, with instructions to restate the conclusions of law in favor of appellant C. Callahan Company, and to render judgment in accordance with this opinion.