STATE EXCHANGE BANK v. GRAND LODGE, KNIGHTS OF PYTHIAS OF INDIANA.

[No. 9,596.   Filed June 27, 1917.   Rehearing denied October 23, 1917. Transfer denied December 11, 1917.]

LANDLORD AND TENANT.—*Lease.*—*Right to Renewal.*—*Holding Over.* —*Effect.*—Where a lease contained two provisions, one that a holding over and acceptance of rent should create a tenancy from month to month, and the other for a re-lease at the pleasure of the lessee, a mere holding over and acceptance of rent is not sufficient to show a re-leasing under the optional clause.

From Marion Circuit Court (24,475); *Louis B. Ewbank*, Judge.

Action by the Grand Lodge, Knights of Pythias of Indiana, against the State Exchange Bank. From a judgment . for plaintiff, the defendant appeals. *Reversed.*

*Bingham & Bingham*, for appellant.

*Ulric Z. Wiley*, for appellee.

IBACH, P. J.—Appellee brought this suit against appellant to recover rentals alleged to be due upon a certain lease. The complaint is in one paragraph and, omitting formal parts, alleges in substance that on August 20, 1912, appellee entered into an agreement with appellant, a copy of which is made a part of the complaint by exhibit, by the terms of which it leased to appellant a certain storeroom in the city of Indianapolis, for the term of one year from September 1, 1912, at a monthly rental of $125, payable in advance, and in which it was further agreed that if all the terms of said lease were complied with during the term thereof by appellant, the appellee agreed to rent said room on the same terms that were incor-

porated in said lease for an additional year beginning at the expiration of said lease "if the defendant so desired." That appellant continued to occupy the room from and after September 1, 1913, until December 1, 1913, and paid rent therefor at the rate of $125 a month for the months of September, October and November, 1913, and failed, neglected and refused to pay rent due thereunder for the month of December and all subsequent months. (Here follows allegations going only to the amount due.) The lease set out as an exhibit provides for the lease of the premises in controversy for the period of one year from September 1, 1912. The only other provisions necessary to the questions presented are as follows: "It is further agreed that in case said lessee shall occupy said premises, with or without the consent of the lessor, after the expiration of the term herein fixed, and rent shall be accepted, said lessee shall, in that event thereafter be deemed and become tenant from month to month, and said holding shall otherwise be under the exact terms and conditions of this lease, and said lessee shall be estopped from maintaining that this lease has been extended, or in any manner changed or modified, unless such change be agreed upon in writing, endorsed thereon signed by all the parties. It is further agreed that, if all the terms of this lease are complied with during the term of this lease by the lessees, the lessor agrees to rent this room on the same terms that are incorporated in this lease for an additional period of one year to begin at the expiration of this lease, if the lessees so desire." Appellant's demurrer for want of facts was overruled, and such ruling is assigned as error and relied on for reversal.

The objections to the complaint pointed out by

the memorandum accompanying the demurrer are in substance that the lease contract by its express terms is limited to a period of one year and provides that any holding over shall create a tenancy from month to month; that the complaint shows the rent was paid for the entire period of occupancy, and there is no showing of any occupancy except a holding over; and there is no showing that any new lease was ever entered into.

It is appellee's contention that under the provisions of the lease a holding over beyond the first year and paying rent for the extended period upon the same terms as the first year, and the acceptance by appellee of the rent so paid, "showed an intention on the part of appellant to occupy the premises for an extended period of one year, and that appellee by accepting the rent concurred therein and that thereby both parties were bound to the extended term." In other words, appellee's position is that the mere fact of holding over constituted an election by appellant to continue the lease for another year, with which we cannot agree.

By the terms of the first provision in the lease as to the right of occupancy, the mere holding over by appellant and the acceptance of the rent by appellee created a tenancy from month to month and the provisions of the last clause constituted an agreement to re-lease the same premises upon the same terms and conditions and for the same period of time, if the lessee so desired. This right to re-lease, however, was dependent upon the condition that the lessee had performed all that was required of him by the terms of the lease, and that he had in some manner expressed a desire to re-lease the premises. In short, we are of the opinion that the lease here involved contains two

distinct and entirely consistent provisions—the first that a holding over shall constitute a tenancy from month to month, and the other provides for a re-leasing of the premises at the option of the lessee.

Although the complaint avers facts sufficient to show a holding over of the premises by appellant, these facts are not sufficient in themselves to show that such holding over was exercised under the provisions of the last clause of the lease; that is, by virtue of the exercise of the optional provision therein contained.

In the case of *C. Callahan Co.* v. *Michael* (1909), 45 Ind. App. 215, 219, 90 N. E. 642, 643, this court used the following language: "There are cases recognizing the distinction between the privilege of an extension and a right to a renewal. The extended or additional term is one provided for in the lease itself, and the mere enjoyment of the privilege by continuing in possession is enough to bring the extended occupancy within the original contract, but an option of renewal would seem to imply that the parties contemplated some affirmative act by way of the creation of an additional term.  *  *  *  but in this State, it has been held that the mere holding over is not sufficient to show an affirmative election to renew the lease for an additional term."—citing *Thiebaud* v. *First Nat. Bank* (1873), 42 Ind. 212. As supporting this doctrine see, also, *Remm* v. *Landon* (1908), 43 Ind. App. 91, 86 N. E. 973; *Whalen* v. *Manley* (1910), 68 W. Va. 328, 69 S. E. 843; *Vincent* v. *Laurent* (1911), 165 Ill. App. 397.

After a careful consideration of the provisions of the lease in question, we must conclude that the parties have expressly agreed upon the effect of a holding over and acceptance of rent after the expira-

tion of the first year. This they had a perfect right to do. The theory upon which the complaint is drawn, however, is that the original lease was extended by virtue of the exercise of the option provision, while the only allegations to show that the lease had been extended is the mere holding over and aceptance of rent.

So far as we have been able to discover, the rule, which we think is the correct one, is that in a complaint founded upon a lease which contains two provisions, one that a holding over and acceptance of rent shall create a tenancy from month to month, and the other for a re-lease at the pleasure of the lessee, facts showing merely a holding over and acceptance of rent cannot be held sufficient to show a re-leasing under such optional clause. Therefore this complaint is insufficient, and the court erred in overruling the demurrer.

Our conclusion renders unnecessary a consideration of the other questions presented.

Judgment reversed, with instructions to sustain appellant's demurrer to the complaint.

NOTE.—Reported in 116 N. E. 747. Landlord and tenant: holding over by tenant after expiration of lease with option for extension or renewal, without formally exercising option, effect, 29 L. R. A. (N. S.) 174, L. R. A. 1916E 1232; holding over as exercise of option for renewal, 19 Ann. Cas. 399, Ann. Cas. 1915D 252. See also 91 Am. Dec 563, 24 Cyc 1007-1012.