## SMALLWOOD v. BARSKIN.

[No. 26,315. Filed February 20, 1935. Rehearing denied April 29, 1935.]

*James B. Wilson, Fred M. Wilson,* and *Vern W. Ruble,* for appellant.

*Ralph K. Lowder,* and *Kivett & Kivett,* for appellee.

FANSLER, C. J.—Appellant brought this action to collect rent upon a certain store building. There were two leases, the original term of which expired on the same day. Both leases provided that, at the end of the original period, the lessee had the privilege of extension for a period of four years and ten months. Under one of the leases there was an advance of $25.00 a month in rental for the extension period. Appellee did not notify appellant that he intended to exercise the privilege of extending the original period of the leases, and it appears that he gave no notice to the contrary, and did nothing toward surrendering possession of the premises, or redelivering possession to appellant. There is a finding that appellee did not exercise his option for the extension of the leases, and did not authorize any

one to extend the leases for him. But this would seem to be a conclusion, which, as we shall point out, is inconsistent with the facts found. Upon the facts found the court concluded the law to be with the defendant, and there was judgment accordingly.

Error is assigned upon the court's conclusion of law, and also upon the overruling of appellant's motion for a new trial, based upon the insufficiency of the evidence, and that the finding is contrary to law.

Much of appellee's brief is taken up with the contention that appellant's brief is insufficient to present any question for review for failure to comply with the fifth subdivision of rule 21 of this court, which provides the manner of presenting propositions, points, and authorities. There seems to have been some confusion among members of the bar as to what was required in order to comply with the rule in question, and a recognition of this fact occasioned an amendment to the rule since the briefs in this case were filed. It is true that appellant's brief does not comply with the letter of the rule as it is generally interpreted. Appellant's contention is, however, perfectly clear, and his points and authorities are so presented that we are able to understand his contention, and the errors relied upon, without reference to the record. This accomplishes the purpose of the rule, which is to expedite the presentation and determination of causes upon the merits. Our rules will be liberally interpreted to accomplish that purpose.

There is but one substantial question presented. If the special finding last referred to is a finding of fact, the action of the court in overruling the motion for a new trial is involved. If it is but a conclusion of fact, inconsistent with the specific facts found, the question arises upon the court's conclusion

of law. There is no conflict in the evidence, nor is it in dispute. The only question is, whether appellee exercised his option for the extension of the leases, and thus became liable for the rent for the extended term. This question the trial court attempted to answer in the fifth special finding of fact, but it is obviously the court's legal conclusion, from the undisputed facts found in the other findings. It is perfectly clear and undisputed that, upon the leases being executed and the possession of the property delivered to appellee, he installed, or caused to be installed, in the premises, a mercantile establishment known as "Barskin Store"; that appellant believed, and continued to believe, that appellee was the owner of the store, and that he was never at any time advised to the contrary; that, in fact, appellee Barskin and his brother were partners in that business; and that before the expiration of the original term appellee sold his interest in the partnership to his brother, and notified certain agencies of that fact, but did not notify appellant, and appellant never learned of the fact until five months after the expiration of the original term of the lease; that from the beginning the rent was paid to appellant by check, signed "Barskin Store"; that at the end of the original term "Barskin Store" continued to occupy the premises and to pay the rent at the advanced rate for five months; that appellee did nothing toward surrendering or redelivering possession of the premises to appellant. Upon this state of facts the court's conclusion of law is clearly erroneous. Under the leases appellee had the right to occupy the premises for his own purpose, or to sublet, or to permit another to occupy the same. The possession of the premises by another, with appellee's consent, was appellee's possession. Possession having been delivered to appellee, under the terms of the leases, he had the right, at his option, to extend the

term for a period of four years and ten months beyond the 1st day of February, 1930. That this option is exercised by continuing in possession, and paying rent after the 1st day of February, 1930, and that by so doing appellee would be liable for the rent for the entire period, is well settled and not disputed. *Montgomery* v. *Board of Commissioners, etc.* (1881), 76 Ind. 362.

Appellee contends that there is nothing in the record to show that any one was in possession of the premises for and on behalf of appellee; that the transactions were all with appellant and a third person. But this view is erroneous. Possession of the premises was delivered by appellant to appellee, and he was accountable under the leases. He could only terminate his possession by re-delivering the premises to appellant. It may be true that, if appellant had known of the change in the situation, and the facts and circumstances were such as to indicate that he was treating appellee's brother as his tenant and looking to him for the rent, and to lead to the conclusion that he considered the leases with appellee as terminated, a different situation might arise. But there is nothing in the record to indicate such a state of facts.

Judgment reversed, with instructions to the trial court to restate its conclusion of law, and render judgment for appellant consistent with this opinion.