GORDON ET AL. *v.* TENNANT, ADMX., ET AL.

[No. 16,266. Filed January 23, 1940. Rehearing denied June 19, 1940. Transfer denied October 8, 1940.]

*Carl A. Huebner,* of Hammond; and *Gavit & Richardson,* of Gary, for appellants.

*Bomberger, Peters & Morthland* and *Crumpacker & Friedrick,* all of Hammond, for appellees.

STEVENSON, J.—This is an action to recover for rent on certain premises in the City of Hammond, Indiana. The real estate in question consisted of the entire main floor and basement of a two-story building located at 140 State Street. These premises were owned by Mary R. Cox, deceased, and were leased to the appellants, Joseph R. Gordon and M. Martin Gordon, on the 28th day of November, 1931, for a period commencing on the 1st day of January, 1932, and continuing to the 1st day of January, 1937. This lease contained the following provision:

"The lessees are hereby granted the further right to occupy said premises under the terms and conditions hereof by the exercise of one or more of three (3) successive options each for a period of five (5) years, the first optional period extending from the 1st day of January, 1937, at twelve o'clock noon, to the 1st day of January, 1942, at twelve o'clock noon, the second optional period extending from the 1st day of January, 1942, at twelve o'clock noon, to the 1st day of January, 1947, at twelve o'clock noon, and the third optional period extending from the 1st day of January, 1947, at twelve o'clock noon, to the 1st day of January, 1952, at twelve o'clock noon.

"The lessees may exercise these options by serving upon the lessor personally, or by registered mail, a written notice stating that they will exercise such option and renew the lease for such additional term of five (5) years. Such notice shall be delivered personally to the lessor or mailed by registered mail to the last and usual place of residence of the lessor, or to such place as the rentals are then payable, or to any other place designated by the lessor, at least four (4) months before the expiration of the then existing term."

The appellants entered into possession of these premises under and pursuant to the provisions of this lease and sublet the basement and first floor of said building, all except fifty feet in the front thereof to the J. C.

Penney Co. for a period of twenty years, said lease beginning on the 1st day of February, 1932. This sublease was recognized by the appellants and the owner, Mary R. Cox, in the lease to the appellants and certain provisions were made for the guaranty of the rent to the owner of the premises by embodying in said lease contract a provision by which the appellants "assign and pledge a sum equal to the rentals provided for in this lease from such rentals as may be due from time to time to the lessees from the J. C. Penney & Company, sub-tenant of said premises."

The parties operated under this lease until January 1, 1937, at which time the tenant who occupied the front fifty feet of the first floor of the building vacated, but the J. C. Penney Co. continued to occupy the basement and remainder of the leased premises and were so occupying the same to the time of the trial.

On February 20, 1937, the owner, Mary R. Cox, filed her complaint against the appellants to recover the rent due for the months of January and February. To this complaint the appellants, as defendants thereto, filed a demurrer. The demurrer challenged the sufficiency of the complaint for the reason that said complaint showed on its face that the lease sued upon terminated January 1, 1937. The court overruled this demurrer and this action is the first error assigned and relied upon for reversal in this court. The appellants then filed an answer in three paragraphs, the second paragraph alleging that the lease sued upon had terminated on January 1, 1937, and the third paragraph alleging that they had notified the plaintiff of their intention not to renew the lease for an additional five-year period. To this second and third paragraphs of answer, the said lessor filed a reply setting up the lease which the appellants had executed with the J. C. Penney Co. and alleg-

ing that the J. C. Penney Co. was in possession by virtue of their lease with the appellants and had continued in such possession under and by virtue of their twenty-year lease with the appellants who had continued to collect their rent and that by reason of such facts, the appellants were estopped to assert that their lease had terminated. A demurrer was addressed to this second paragraph of reply which was overruled and this ruling is the second assignment of error relied upon for reversal in this court. The owner, Mary R. Cox, died on July 23, 1937 and her administratrix, appellee herein, was substituted as a party.

On these issues the cause went to trial after the filing of some supplemental complaints to recover additional rent and the court upon request made a special finding of facts and stated its conclusions of law thereon. By these conclusions of law the court concluded that the appellants had elected to extend the lease for an additional five-year period beginning January 1, 1937, and that said original lease was in effect for the additional period and that the plaintiff, Mary Nelson Tennant, Administratrix, was entitled to recover the sum of $2,450.00 as rent for the first seven months in the calendar year 1937, together with $73.50 interest on deferred payments and costs. Judgment was entered accordingly.

A motion for new trial was filed and overruled and this appeal has been perfected. Error in each of the conclusions of law and error in overruling the appellants' motion for new trial constitute the third and fourth assignments of error in this court.

The propositions advanced by the appellants under the first three assignments of error are all to the effect

that the mere holding over by the sublessee of the premises in question after the termination of the lease does not operate as a renewal of the lease for an additional term. The appellants contend that the contract in question was a lease for a term with an option to renew the lease for an additional term upon fulfilling certain conditions. It is our opinion that the appellants have failed to recognize the distinction between a privilege to extend the term of a lease and the privilege to renew the same. Such a distinction is recognized in this state and as this court has said:

"As a result of such distinction, the decisions in these cases, in effect, sustain the general rule that where a lease provides for an extension for a specific time, after the expiration of the agreed term, the mere holding over by the tenant will constitute an election to hold for the additional term, but where the lease gives a privilege for a renewal, the tenant, by some affirmative act, must indicate his election to avail himself of such privilege prior to the expiration of the current term." *Thurston* v. *F. W. Woolworth Co.* (1917), 66 Ind. App. 26, 31, 117 N. E. 686. *State Exchange Bank* v. *Grand Lodge, etc.* (1917), 66 Ind. App. 140, 116 N. E. 747.

It will be noted by reference to the portion of the lease above quoted that no provision was made for a renewal of the lease but the lessees were granted "the further right to occupy said premises under the terms and conditions thereof for three additional five-year periods." It is true that the lessees were required to give notice of their election to continue in possession for the additional periods by an instrument in writing at least four months before the expiration of the then existing term. But such a notice was not given and the sublessee continued in possession. The right to continue in possession for an additional

term is not a privilege to renew the lease but is merely a continuation of the original lease. *Terstegge* v. *The First German, etc., Soc.* (1883), 92 Ind. 82. The appellants by continuing in possession through a sublessee are in the same position in law as if they were personally occupying the premises. As was said by the Supreme Court of Indiana in the case of *Smallwood* v. *Barskin* (1935), 208 Ind. 267, 270, 194 N. E. 147:

> "Under the leases appellee had the right to occupy the premises for his own purpose, or to sublet, or to permit another to occupy the same. The possession of the premises by another, with appellee's consent, was appellee's possession. Possession having been delivered to appellee, under the terms of the leases, he had the right, at his option, to extend the term for a period of four years and ten months beyond the 1st day of February, 1930. That this option is exercised by continuing in possession, and paying rent after the 1st day of February, 1930, and that by so doing appellee would be liable for the rent for the entire period, is well settled and not disputed."

While the appellants did not give written notice of their election to continue the lease for an additional term of five years, this provision being for the benefit of the landlord may be waived. It was the duty of the appellants if they desired to terminate the lease to surrender possession, and they could terminate their possession only by redelivering the premises to the landlord. *Gifford* v. *Bingham* (1908), 42 Ind. App. 37, 84 N. E. 1099. The great weight of authority in this country is to the effect that where a lease provides that a tenant may have at his option an extension for a specific time after the expiration of the term agreed upon in the lease, the mere holding over after the expiration of the specific term will constitute an election to hold for the additional

term and the tenant is bound for the additional or extended term as fully as by the original lease. *Stout* v. *Tobias* (1927), 27 Ohio A. 113, 160 N. E. 874; 35 C. J. 1036; 16 R. C. L. 896; *Blanchon* v. *Kellerstrass Distilling Corp.* (Mo.), 208 S. W. 484; *Barth* v. *Ely* (1929), 85 Mont. 310, 278 P. 1002. See annotation to *Kuhlman* v. *Lemp Brewing Co.* (1910) (Nebr.), 29 L. R. A. (N. S.) 174.

The appellants further contend that the court erred in its conclusion of law that the appellants had elected to extend the term of the lease beyond January 1, 1937, and that said lease was in full force and effect after said date. That such holding over of possession after the term did not prevent the appellants from asserting the termination of the lease. Whether such conduct amounts to a waiver of the right to terminate the lease or operates as an estoppel against the tenant from so asserting is the subject of much discussion in the appellants' briefs.

In any event, the rule seems to be well settled that if a tenant holds over after the expiration of his term, the landlord, at his option and against the will or intention of the tenant, may hold the latter liable as a tenant for another period. "In the absence of any cause which might properly be called compulsion or necessity, and where there is no special agreement, the tenant holding over can not be heard to say that his remaining in the occupancy of the premises was not purposed on his part or with an intent to hold over. He has no option in the matter; the option is with the landlord." *Alleman* v. *Vink* (1902), 28 Ind. App. 142, 147, 62 N. E. 497.

The facts in this case disclose that the appellants did not surrender possession of the leased premises at the end of the first five-year period and had no intention

to surrender such premises. They continued to demand rent from their sublessee for the premises occupied by them and bound themselves to keep said lessee in possession of the premises for twenty years.

In view of these facts and in the light of the authorities above indicated, it is our opinion that the appellants did not terminate the lease and that the plaintiff's (appellee's) complaint which alleged that said lease "is now in full force and effect and has been continuously since. the execution thereof" was good as against a demurrer.

The second paragraph of reply which set up facts as to the appellants' continued possession was also good as against a demurrer as above indicated. It is our opinion that there was no error therefore in the court's conclusions of law, which held that said lease had been extended and was still in full force and effect.

Certain questions as to the introduction of evidence are presented in the motion for new trial, but it is our opinion that these errors, if any, would not have affected materially the court's finding of facts and after reviewing the record, it is our opinion that a right result was reached.

Finding no reversible error, the judgment of the trial court is affirmed.

NOTE.—Reported in 26 N. E. (2d) 559.