JACOB STRAUS *vs.* SHAHEEN, INC.

Essex.    November 10, 1941. — January 27, 1942.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Landlord and Tenant,* Extension of lease.

Under a provision of a lease giving the lessee an option for an extension for a further period upon the same terms and conditions, with no provision requiring formal notice of the exercise of the option, a mere holding over for ten days after the expiration of the original term, at a time when no rent was due, was evidence of an election by the lessee to exercise the option sufficient to defeat a writ of entry then brought.

WRIT OF ENTRY in the Land Court dated February 10, 1941.

The case was heard by *Smith,* J.

*W. L. Berger & B. Spinoza,* for the demandant, submitted a brief.

*E. Foss,* for the tenant.

DOLAN, J.  This is a writ of entry to recover possession of a parcel of land located at Salisbury.  The tenant pleaded nul disseisin and the right to hold under a lease and exten-

sion thereof. The case was heard upon an agreed statement of facts. The judge found for the tenant and ordered judgment accordingly. The case now comes before us on the appeal of the demandant.

The material facts follow: On February 1, 1936, the commissioner of banks in possession of the Lawrence Trust Company leased the premises in question to Albin Shaheen. The lease was for five years from February 1, 1936, and contained a provision that "the said Lessor grants to the said Lessee and his heirs, representatives and assigns the option of extending the terms of this lease for the further period of five years from the expiration hereof upon the same terms and conditions as are herein contained." The rental was fixed at $500 annually, which was to be paid in equal payments of $100 on the first day of each of the months of May, June, July, August and September. The lease did not contain any restriction against assignment, or any provision for formal notice of the exercise of the option for its extension. The original lessee assigned the lease to the tenant Shaheen, Inc. on March 14, 1936. The demandant purchased the premises on or about September 1, 1938, and at the same time received an assignment of the lessor's interest in the lease. The rent for the original term of the lease including that payable September 1, 1940, was paid when due. The tenant continued to occupy the premises after February 1, 1941, and on February 11, 1941, the demandant notified the tenant's subtenant by mail that the tenant's lease had expired on February 1, 1941, and that the rent for the month of February (*sic*), 1941, and thereafter was to be paid to the demandant. On February 13 the tenant's counsel sent a letter to the demandant's counsel stating, in substance, that the tenant was occupying the premises under the "renewal" period of five years, that no formal notice of the tenant's exercise of the option to extend the lease was necessary, and that the subtenant had been notified to continue to pay rent to the tenant. The demandant brought the present writ on February 10, 1941. The tenant tendered to the demandant the rent payable May 1, 1941, and June 1, 1941, when due.

In finding for the tenant the judge stated that he inferred that the tenant, by its continuance to occupy the demanded premises after February 1, 1941, intended by such action to exercise the option provided for in the lease, and ruled that the continued occupation was sufficient evidence of the exercise of the option.

In the instant case the option was for an extension, not for a renewal of the lease. In *Shannon* v. *Jacobson*, 262 Mass. 463, 466, the court pointed out the distinction between an option to extend a lease and an option to renew a lease, stating in substance that an option for the extension of a lease does not require or contemplate the execution of a new lease but requires the continuance of the original lease upon compliance with the terms of the option, whereas an option for the renewal of a lease contemplates a new lease. See also *Leavitt* v. *Maykel*, 203 Mass. 506, 509, 510, and cases cited; *Melrose Operating Co.* v. *Porter*, 256 Mass. 138, 139, 140. In *Kramer* v. *Cook*, 7 Gray, 550, 552, where the term of the lease was for three years and "at the election of . . . [the lessee], for the further term of two years next after said term of three years" but at an increased rental, the court held that the election of the lessee to hold for the additional term at the increased rent could be inferred from the continuing to occupy the premises and paying rent for two quarters at the increased rate, without proof of any formal election or notice to the lessor at the time of the expiration of the first term. Since the option provided for in the lease in the present case was for an extension of the lease it follows from what has been said that no proof of any formal election or notice to the demandant of the tenant's intention to exercise the option was required.

The demandant argues, however, that such cases as the *Kramer* case and *Kimball* v. *Cross*, 136 Mass. 300, are distinguishable from the present case, since there the respective lessees held for a certain time at a stipulated rental with an option for a further term at an increased rental, and the lessees not only held over but also paid the increased rental, which was accepted without reservation by the landlord, whereas in the present case the demandant did

not assent to any holding over by the tenant nor accept any payment of rent from him after the expiration of the original term, and hence the mere holding over "did not constitute an election [by the tenant] to extend for the additional term." We do not sustain this contention. The right to exercise the option in question was that of the tenant. *Carlisle* v. *Weiscopf*, 237 Mass. 183, 184. The rental was a yearly one payable in equal amounts on the first day of each of five consecutive months beginning with the month of May. There was nothing due after the expiration of the original lease on January 31, 1941, until May 1, 1941. The rent due on that date as well as that due June 1, 1941, was tendered by the tenant to the demandant when due. The continued occupation of the premises by the tenant after the term of the original lease expired and the tender of the rent by him to the demandant as it became due were sufficient evidence of the election by the tenant to exercise the option to hold the premises for the extended term.

*Decision affirmed.*