## BASLER v. WARREN.
### No. 3402.

Circuit Court of Appeals, Tenth Circuit.
Jan. 10, 1947.

Hadlond P. Thomas, of Salt Lake City, Utah, for appellant.

A. H. Nebeker, of Salt Lake City, Utah (Paul H. Ray and S. J. Quinney, both of Salt Lake City Utah, on the brief), for appellee.

Before PHILLIPS, BRATTON and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

On March 15, 1944, Basler and Warren entered into a written rental agreement, whereby Basler agreed to rent a large piece of construction machinery to Warren for a period of one year at an agreed rental of $2,500 for the first three months, $2,000 for the second three months, and $1,500 for the last six months.

This lawsuit involves the construction and effect of the option provision in the agreement, which provides: "It is further hereby understood and agreed that at least thirty days before the expiration of twelve (12) months from the date of this agreement and provided further that all accrued rents under the terms of this agreement shall be paid in full, that second party shall have the right to have this agreement ex-

tended at a monthly rate of Fifteen Hundred ($1,500.00) dollars per month and if such payments are continued for twenty-five months at this monthly rental payable monthly in advance, title to this equipment will be given by party of the first part. * * *"

On March 6, 1945, Basler wrote Warren that since the agreement would expire "within about one week", and since he had not exercised the "prerogative" to have the contract extended, he was increasing the rental to $2,000 per month for future use. On March 12, Warren wrote Basler "I have decided to exercise my right in the contract to extend the agreement dated March 15, 1944, and will pay you $1,500.00 a month rental with the understanding that if such payments are continued for twenty-five months, title to the Drag Line shall be conveyed to me". A check for $1,500 for the rental from March 15, 1945, to April 15, 1945, was enclosed. On March 16, Basler replied, "Your letter of the 12th received and also your check for $1,500.00 which is enclosed. This agreement and all contents I referred to my attorney with instructions that you lost all right or privileges under the agreement on February 13, * * *".

Basler brought this suit seeking to recover possession of the machinery or the value thereof, on the theory that when Warren failed to notify him of his intention to exercise his right under the option provision of the agreement at least thirty days before the expiration of the twelve month term of the agreement he lost all rights thereunder. Warren answered, alleging that all he was required to do under the option provision of the agreement was to make the payments as provided therein, from and after March 15, 1945, and that all such payments had been made or tendered.

The parties stipulated that during the pendency of the action Warren would pay Basler $1,500 per month, commencing March 15, 1945, without prejudice to the rights of the parties; that in the event Basler ultimately prevailed in the lawsuit, his damages should be assessed at $2,000 per month for the wrongful detention of the property, less amounts paid under the stipulation, and that the fair and reasonable value of the machinery was $57,500.

The trial court held with the appellee, apparently on the theory that a mere holding over in possession, coupled with the payment of the rent, when due under the contract, constituted a valid acceptance of the offer, without more. Indeed, to support the judgment of the trial court appellee invokes the so-called "holding over in possession" rule, usually applied in landlord and tenant cases involving options to extend or renew the lease. There is respectable authority for the proposition that the mere holding over of a tenant in possession under a lease containing an option for renewal or extension constitutes an election to exercise the optional right under the lease, and that formal notice to the landlord is not requisite. Henry v. Bruhn & Henry, Inc., 110 Wash. 321, 188 P. 506; Heffron v. Treber, 21 S.D. 194, 110 N.W. 781, 130 Am.St.Rep. 711; Straus v. Shaheen, Inc., 310 Mass. 646, 39 N.E.2d 573; Gordon v. Tennant, 108 Ind.App. 326, 26 N.E.2d 559; 32 Am.Jur. §§ 982 and 983. But, no cases are cited and we have found none where the courts have failed to give effect to a notice requirement in the lease contract.

The parties have treated this contract as governed by the law of the state of Utah and we have found no case which leads us to believe that the Utah court would apply the "holding over in possession" rule to a contract containing words indicating that the parties contemplated formal notice of an election to accept an offer to purchase. Rather, the Utah cases point to the contrary. The very early case of Tilton v. Sterling Coal & Coke Co., 28 Utah 173, 77 P. 758, 760, 107 Am.St.Rep. 689, involved an option to purchase at the expiration of a subsisting lease. The court held that the option must be exercised on or before the last day of the term granted by the lease and could not thereafter be exercised, although the lessee remained in possession. Speaking of the legal characteristics of an option to purchase the court said "There is no contract of purchase, or any obligation to sell and convey, until the option is accepted and performed, or

tender of performance by the holder is made in proper time". See also I.X.L. Furniture & Carpet Installment House v. Berets, 32 Utah 454, 91 P. 279; Chournos v. Evona Inv. Co., 97 Utah 335, 93 P.2d 450.

Ordinarily, time is not of the essence of an executory contract unless made so by the terms of the instrument or by proof of circumstances showing that time is to be regarded as a controlling element of the agreement. But a different rule obtains with respect to an acceptance of an option or a continuing offer. Unless an agreement of that kind expressly provides otherwise, or unless the parties manifestly regarded it differently, time is of the essence and strict compliance is required. Waterman v. Banks, 144 U.S. 394, 12 S.Ct. 646, 36 L.Ed. 479; Tilton v. Sterling Coal & Coke Co., 28 Utah 173, 77 P. 758, 107 Am.St.Rep. 689; Ernst v. Deister, 42 Ariz. 379, 26 P.2d 648; Huckaby v. Northam, 68 Cal.App. 83, 228 P. 717; Rice Lands & Products Co. v. Blevins, 61 Cal.App. 536, 215 P. 402; Hunt v. Bassett, 269 Mass. 298, 168 N.E. 783; Northern Illinois Coal Corporation v. Cryder, 361 Ill. 274, 197 N.E. 750, 101 A.L.R. 1420; 12 Am.Jur.Contracts, § 56; Williston on Contracts, Revised Edition, Section 853.

The trial court obviously accorded no legal signification to the prefatory words of the option " * * * that at least thirty days before the expiration of twelve (12) months from the date of this agreement * * * [Warren] shall have the right to have this agreement extended * * * ". If we accept the holding of the trial court, and appellee's theory here, Warren had the right under the contract to wait until March 15, 1945, before exercising his option under the contract or indicating his intention so to do. In the meantime, Basler was without knowledge of Warren's intentions, and this in the face of contractual language indicating that Basler was to receive notice of Warren's intentions at least thirty days before the expiration of twelve months from the date of the execution of the contract, or February 15, 1945.

It is true that the parties did not specifically provide that notice should be given to Basler at least thirty days before the expiration of twelve months from the date of the agreement, but the words used to express the intention of the parties can have no other legal significance or purpose.

It is a universal canon of construction that every word and phrase in a contract should be given a meaning and signification according to its importance in the context of the contract. Courts are not warranted in reading out of a contract words or phrases placed there by the contracting parties unless they cannot be rationally fitted into the scheme of the agreement between the parties. Vitagraph, Inc., v. American Theatre Co., 77 Utah 71, 291 P. 303; La Lumia v. Northern California Packing Co., Cal.App., 172 P.2d 94; Maryland Casualty Co. v. Morrison, 10 Cir., 151 F.2d 772.

When the contractual words used by the parties to express their intention are considered in their proper context we think it manifestly clear that the parties intended and understood that Warren would notify Basler of his election under the option at least thirty days before the expiration of twelve months from the date of the contract. Having failed to do so, the option expired for want of acceptance on February 15, 1945.

The case is reversed and remanded with instructions to enter judgment in accordance with the views herein expressed.