FRAGOMENI *v.* OTTO GRATZOL SIGNS, INC.

[No. 18,092. Filed January 26, 1951. Rehearing denied March 2, 1951. Transfer denied April 12, 1951.]

*Niemiec & Eichler,* of South Bend, for appellant.

*Farabough, Pettingill, Chapleau & Roper,* of South Bend, for appellee.

## ON PETITION FOR REHEARING

ROYSE, J.—In its petition for rehearing appellee calls to our attention a wholly incorrect statement in our original opinion. In that opinion this writer stated: "The record further discloses appellee was in default in the payment of rent due for the original term." This was not true inasmuch as no time was specified in the lease as to when the rent should be paid. This writer misconstrued the letter set out in the original opinion as a demand for rent of the property involved in this action, when in fact it referred to another parcel of real estate. This misstatement did not influence our decision in this case. However, because of this inaccuracy, our opinion of January 26, 1951, is withdrawn and the following opinion is substituted therefor:

Appellee brought this action against appellant for a declaratory judgment for the construction of a

written lease between the parties. The lease provided as follows:

> "In consideration of Twenty-Five ($25.00) Dollars from OTTO GRATZOL SIGNS, INC., and affirming my right to accept the same hereunder, I hereby lease to them exclusively the space for advertising signs on the premises known and described as follows, to wit:
>
> Lots East of Buildings at 2302 Mishawaka Avenue from July 10, 1946 to July 10, 1949 and do grant them the privilege of occupying said space on like terms from year to year' not to exceed five (5) years. If, in the opinion of OTTO GRATZOL SIGNS, INC., the view of said space is prevented, limited or stopped by law, or their enjoyment thereof is otherwise impaired, they have the option to end this agreement at any time and be entitled to rebate for the unexpired term, pro rata of the amount paid.
>
> "Said signs shall be the property of OTTO GRATZOL SIGNS, INC., who shall have the sole right to remove the same at any time, but without obligation to do so at the expiration of this agreement.
>
> "Accepted: OTTO GRATZOL SIGNS, INC.
> "MRS. THERESA FRAGOMENI, Owner
> "J. S. Fragomeni, Witness."

The particular question in dispute between the parties related to the duration of the term, the extension of the term, and the expiration of the term of the lease. At the trial the facts were stipulated. They may be summarized as follows:

At the time the lease was executed appellee paid appellant $25 in advance as rental for the first year of the lease. It placed on the property an advertising sign which has been on said property continuously since July 10, 1946. On or about July 20, 1949 appellee received the following letter from appellant's attorney:

"Otto Gratzol Signs, Inc.,
319 W. Wayne Street,
South Bend, Indiana.

Gentlemen: Re: Lease, dated February 22, 1946, with Dominick and Theresa Fragomeni for Sign Space on Lots East of Buildings at No. 2302 Mishawaka Avenue, South Bend, Indiana.

"You are hereby notified that your above referred to lease with Dominick and Theresa Fragomeni for sign space on the vacant lots east of the buildings at No. 2302 Mishawaka Avenue, South Bend, Indiana expired July 10, 1949.

"Mr. and Mrs. Fragomeni, the lessors, have instructed the undersigned to further notify you to remove said sign-board from their property on or before August 17, 1949.

"Rental in the sum of $25 for the sign-board space on the west side of the building at No. 2302 Mishawaka Avenue, South Bend, Indiana, has been due to Mr. and Mrs. Fragomeni since March 10, 1949. Please contact the undersigned at your earliest convenience regarding payment of said rent.

"Respectfully yours,

"NIEMIEC & EICHLER

"By ————————————

"George M. Eichler"

In answer to this letter appellant received the following letter from appellee:

"Dominick & Theresa Fragomeni
634-23rd Street
South Bend, Indiana.

Dear Sir & Madam:

"Our lease dated July 10, 1946, with Mrs. Theresa Fragomeni and witnessed by J. S. Fragomeni has a five year extension clause in it. This

lease was made in good faith and we intend to live up to every line in the lease. We are enclosing a check for period as indicated on back of check.

"Naturally we will not tolerate any obstructions. If you wish to buy this lease by paying an amount mutually agreed on, which will be the anticipated profit in the next five years, we will gladly make arrangements. Moving a sign is an expensive procedure, getting leases takes time, so you can see why we don't make short time leases.

"Sincerely yours,

"OTTO GRATZOL SIGNS, INC.

"Otto Gratzol

*HT."*

On the check enclosed with this letter there was written these words: "For rent of lot East of building at 2302 Mishawaka Avenue from 9-10-49 to 9-10-50." (From this and the stipulation of parties as to first year's rent, it seems they have construed the payment under the lease to be $25 per year.) This check was returned to appellee by appellant's attorney. Appellee did not, on July 10, 1949 or prior thereto, notify appellant of its intention of occupying said space on like terms beyond July 10, 1949. Appellant did not, on or prior to said last mentioned date, notify appellee of her intention to forbid it to occupy said space after said date. The lease was prepared by appellee.

On these facts the trial court held the holding over and continued occupancy of the premises beyond July 10, 1949 constituted an exercise of the privilege of appellee of occupying said premises on like terms from year to year not to exceed five years. That appellee was not required to notify appellant of its intent to exercise this privilege. That appellee has the right to occupy the premises from year to year not to exceed five years from July 10, 1949.

Appellant concedes that if this lease provides for an extension no notice of an election by appellee to exercise its option to extend was necessary and that the mere holding over and payment of rent was an election to extend the lease for the additional term. She asserts the rule is otherwise when the lease contains a provision providing for a renewal thereof. She then says the following provision—"Said sign shall be the property of OTTO GRATZOL SIGNS, INC., who shall have the sole right to remove the same at any time, but without obligation to do so at the expiration of this agreement"—was a provision for a renewal rather than an extension of the lease. She finally contends "the fact that appellee's signboard was occupying appellant's premises on July 10, 1949, the time of the expiration of the three (3) year period under the lease, and that said signboard continued to remain on said premises thereafter was not an election on the part of appellee to extend the lease for the additional period and was not notice to appellant of an election to extend the lease nor did the continuance of said signboard to occupy said premises after July 10, 1949, constitute a holding over and thus automatically extend the term, for the reason that appellee was not obligated under the lease to remove the signboard at the expiration of the term of the lease but could let the signboard remain on the premises, abandon the same and treat the lease as ended. Thus it will be seen that appellant, on and after July 10, 1949, had no way of determining what intention was locked up in the recesses of appellee's mind; that is, whether appellee intended to extend the lease or whether he intended to treat it as having expired and had elected not to remove the signboard."

It is unquestionably well settled in this state that where a lease gives the lessee an option for an exten-

sion after the expiration of the agreed term, the mere holding over constitutes an election to hold over for the additional term provided, but where the lease gives the privilege of renewal the lessee, by some affirmative act, must indicate his election to exercise the option prior to the expiration of the lease. *Falley and Another* v. *Giles* (1867), 29 Ind. 114; *Thiebaud et al.* v. *The First National Bank of Vevay* (1873), 42 Ind. 212; *Montgomery* v. *The Board of Commissioners of Hamilton County* (1881), 76 Ind. 362; *Remm* v. *Landon* (1909), 43 Ind. App. 91, 86 N. E. 973; *C. Callahan Company et al.* v. *Michael et al.* (1910), 45 Ind. App. 215, 90 N. E. 642; *Gordon et al.* v. *Tennant, Admx. et al.* (1940), 108 Ind. App. 326, 26 N. E. 2d 559 (Transfer denied); 172 A. L. R. 1208n.

A perusal of the foregoing authorities demonstrates there is no difficulty in stating the rule. The tenuous distinctions they make illustrate the difficulty in applying the rule.

It seems obvious to us the rule that a mere holding over of the leased premises beyond the original term is an election by the tenant to keep the property for the additional period is based on the proposition that there is some positive act on the part of the lessee which indicates his·intention to retain actual possession of the property. It is such act which is considered notice to the lessor of the intent of lessee to exercise his option. Therefore, unless there has been some positive act at or prior to the original expiration date indicating the tenant's intention to retain possession after such original term, the lease expires and the option is cancelled. That is the situation here. The lease herein which was prepared by appellee provides in plain and positive language that the "sign" is the property of appellee who retained the "sole right" to remove it at *any time,* but was *"without obligation to*

*do so at the expiration of the lease."* Certainly under such circumstances it cannot be seriously contended that the fact appellee did not remove the "sign" at the expiration of the agreed term was notice of its intention to exercise its option for an extension. Appellee had the duty to in some reasonable manner apprise appellant of its intent to exercise its privilege for an extension. It was not until after appellant notified appellee the lease had expired that appellee gave any notice of its intent to hold over under the extension clause. This was too late.

In our opinion the reasoning in the case of *Falley and Another* v. *Giles, supra,* is applicable in this case. In that case the court stated the facts and the questions before it in the following language:

> "A lease was made for the term of two years, with the further privilege to the lessee to hold the premises upon the same terms 'for the additional term of one, two, or three years,' at the election of the lessee.
>
> "The questions before us are, 1. Could the lessee elect more than once; i.e., having, at the end of the original term, elected to hold for one year longer, could he afterwards elect to hold still longer? 2. Was it necessary for the lessee, in order to prolong his term more than one year beyond the original period, to give notice to the lessor of his election to do so otherwise than by remaining in possession?"

In answering the second question in the affirmative, the Supreme Court said:

> "Might the option of the lessee be exercised merely by a mental operation of his own, and the fact be locked up in his own exclusive knowledge, incapable of proof except by his own testimony? It cannot be. To bind himself, the tenant must do something which will be sufficient proof in a court of justice of the nature and extent of the contract

by which he is bound, and a secret purpose of his own mind, not made known, cannot be sufficient for that purpose."

For the reasons herein stated, the judgment of the St. Joseph Superior Court No. 1 is reversed, with instructions to sustain appellant's motion for a new trial.

Petition for rehearing denied.

NOTE.—Reported in 96 N. E. 2d 275.