Willa Dean **WHETSTONE**, Appellant,

v.

The **ORION INSURANCE COMPANY,**
**Limited, and Lloyd's, London,**
Appellees.

No. 6827.

United States Court of Appeals
Tenth Circuit.

March 20, 1962.

Gus Rinehart, Oklahoma City, Okl. (Richard E. Romang, Enid, Okl., on brief), for appellant.

Clayton B. Pierce, Oklahoma City, Okl., for appellees.

Before Murrah, Chief Judge, and BRATTON and BREITENSTEIN, Circuit Judges.

MURRAH, Chief Judge.

This appeal is from the dismissal of a garnishment proceeding brought to recover the unpaid balance of a judgment. Appellant had obtained the judgment against one John Bennett for damages resulting from an automobile accident. Bennett was employed as a land man by the McAlester Fuel Company and appellees are the insurers of McAlester under a general liability policy bearing an endorsement indemnifying such Company and its employees "when * * * liability is incurred by reason of, or in

**16**

connection with, the assured's operations."

McAlester furnished Bennett an automobile to use in the performance of his company duties, and allowed its use on personal trips under an arrangement whereby Bennett reimbursed the Company at the rate of 7¢ per mile. The record shows that Bennett left his place of employment in Midland, Texas and drove, with his family, to Roswell, New Mexico, where he transacted company business. He then drove, with his family, to Enid, Oklahoma to visit his wife's relatives. On the return trip to Midland, the accident giving rise to the judgment occurred.

Appellant contends that Bennett was traveling "in connection with" the operations of McAlester at the time of the accident. Appellees contend that the terms "by reason of" and "in connection with," as used in the contract, are synonomous and that a causal connection between the work or business of McAlester and the act of the employee which created his liability is necessary to bring that act within the coverage of the policy.

The first portion of the endorsement in question insured McAlester and its employees and agents " * * * for any and all sums which (they) shall be legally liable to pay * * * by reason of the assured's operations." Clearly, this language required that the insurer respond only to liability incurred by its employees or agents in the course of their employment—i. e., while performing some function within the scope of their agency relationship. The remaining portion of the endorsement, however, restates the coverage when liability is incurred "by reason of * * * the assured's operations" and alternatively provides that the same coverage shall obtain when liability results "in connection with" the assured's operations.

The law will not presume that the parties used tautological words to express their contract. Rather, it will presume that every word has a distinct meaning and purpose within the context in which it is found. See Utex Exploration Co. v. Garwood (10 C.A.) 246 F.2d 547, 550; First National Insurance Co. of America v. Norton (10 C.A.) 238 F.2d 949; Basler v. Warren (10 C.A.) 159 F.2d 41, 43. The words "by reason of or in connection with" were obviously used as words of art to delineate coverage under the insurance contract. Clearly, these terms were not intended to be used synonomously. Rather, we think the term "in connection with" was intended to provide coverage in addition to that already stated in the contract. This additional coverage would seem to apply not only to acts within the doctrine of respondeat superior, but to acts which are in any way connected with the operations of the employer. It is not conditioned on the exercise of an agency relationship, nor does it require that the employee be acting within the scope of his employment. Had such been the intent, it would have been a simple matter to so state.

Here, the business purposes of Bennett's trip undoubtedly ceased at Roswell. Even so, the record shows that it was within Bennett's personal discretion to perform additional work for McAlester during the entire trip if he thought it advisable, and he was subject to call at any time. Indeed, he had left word where he might be reached during the trip. In addition, he carried a briefcase containing notes about company business and he was required to return the automobile to Midland, Texas. Each of these factors are tangibly associated and related to the "operations" of McAlester and although merely incidental to Bennett's return trip from Enid, they were sufficiently "connected" to McAlester's operations to satisfy the plain terms of the endorsed coverage and to render Bennett an "assured" within the meaning of the policy.

Reversed and remanded for further proceedings not inconsistent with this opinion.